LOUIS WALD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4629.   Promulgated October 25, 1927.

On the evidence *held* that the income-tax return filed for the year 1919 was not fraudulent and that the petitioner is not liable to the assessment of the penalty provided by the statute for the filing of a fraudulent return. *Held further,* that the petitioner is liable to the assessment of the penalty for negligence provided for by section 250 (b) of the Revenue Act of 1918.

*Benjamin H. Flesher, Esq.,* for the petitioner.
*Joseph B. Harlacher, Esq.,* and *J. Harry Byrne, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1919 in the amount of $148.91, plus a penalty of $74.46 for alleged fraud in filing a false return. The petitioner alleges that the Commissioner erred in determining taxable net income and also erred in assessing a 50 per cent penalty.

### FINDINGS OF FACT.

The petitioner is an individual engaged in the retail women's ready-to-wear clothing and fur business in Aberdeen, S. Dak. The books of the business were not kept in accordance with either the double or the single-entry method of bookkeeping. Entries therein were made principally by petitioner's wife, who had no experience in keeping a regular set of books. Such entries were usually made in

the evenings at petitioner's residence and were based on information supplied by him to his wife. In a few instances entries were made by petitioner.

The returns of petitioner for a number of years were prepared in Minneapolis, Minn., by his sister-in-law, an attorney of that city, from figures submitted to her by her sister, the petitioner's wife, and he signed the filled-out forms returned to him by his sister-in-law. A return which had been prepared in this manner and which disclosed no tax liability, was filed for the year 1919, the petitioner taking no part in the preparation thereof.

A revenue agent examined the accounts of the petitioner in 1923. In computing net income he discarded the data contained in the books and took as gross sales the total amount of petitioner's bank deposits. He then ascertained the allowable deductions and goods purchased from canceled checks and computed cost of goods sold by the use of inventories. This method of computing petitioner's net income resulted in the disclosure of a net income for the year 1919 in the amount of $9,116.74.

As a result of the revenue agent's investigation, the Commissioner made a jeopardy assessment in December, 1923, of an additional tax and a 50 per cent fraud penalty. The total assessment for the year 1919 amounted to $444.84 tax and $222.42 penalty. The petitioner filed a claim for the abatement of the additional tax and penalty on February 21, 1924. He also filed an amended return for the year 1919. After the claim for abatement and the amended return were filed, the petitioner's accounts were again examined by the same revenue agent, who recomputed net income for the year 1919 by adding the amount of the net income appearing on the amended return filed for that year to the $9,116.74 which he found at the time of his first investigation. The Commissioner adopted the findings contained in the revenue agent's report of the second examination and he now proposes to make an additional assessment for the year 1919 of $148.91 tax and $74.46 penalty.

After the petitioner filed the abatement claim and the amended return he employed a firm of accountants to make an examination of his accounts. In making this examination, the accountants also disregarded the data found in the books and computed net profit by taking total bank deposits as representing sales; ascertained business expenses and goods purchased from canceled checks; and employed inventories in determining cost of goods sold. The figures obtained by the accountants differed in some particulars from those obtained by the revenue agent as a result of his first examination, but the net profit of $9,104.34 found by the accountants closely approximated the net income originally found by the revenue agent.

OPINION.

SMITH: The notice from which this appeal was taken is dated April 8, 1925, and it states in paragraphs (1) and (2) that—

An examination of your income tax returns for the years 1918 to 1921, inclusive, has been made and the results thereof are outlined in the attached statement.

The right of appeal provided in the following paragraphs does not apply to the years 1918, 1920, and 1921, inasmuch as the overassessments for those years *results* from assessments made prior to June 2, 1924, the effective date of the Revenue Act of 1924.

The petition initiating this proceeding which was filed on June 3, 1925, refers to the deficiency letter and states the taxable year and amount of tax involved in paragraphs (2) and (3), respectively, as follows:

(2) The deficiency letter (a copy of which is attached) was mailed to the taxpayer on April 8, 1925 and states a deficiency for Louis Wald for the *years* 1919 of $223.37.

(3) The taxes in controversy are income taxes for the calendar year ended December 31, 1919 and *is* less than $10,000.00, to wit:—$223.37.

At the hearing, petitioner's counsel moved that the Board allow an oral amendment of the petition so as to include therein each of the years mentioned in the deficiency letter. In support of this motion he argued that the same questions were involved for each of those years; that none of the additional taxes assessed had been paid; and that the Board should take jurisdiction of the whole controversy between the petitioner and the respondent despite the statement of the latter that no right of appeal existed with respect to the years 1918, 1920, and 1921, which, he claimed, was relied on and which constituted the only reason why the petition filed June 3, 1925, did not specifically set out the taxes for 1918, 1920, and 1921 as being in controversy.

The statement which was attached to, and became part of, the deficiency letter of April 8, 1925, and which set out the tax computations for each of the years 1918 to 1921, inclusive, was not attached to and made a part of the petition. Counsel for respondent exhibited a copy of the statement at the hearing, but it was not offered in evidence nor was it offered for the purpose of amending the petition. No appeal with respect to the years 1918, 1920, and 1921 having been filed with the Board within the 60-day period required by the statute, we are without jurisdiction to consider an appeal covering those years.

The issues before us relating to the year 1919 are (1) whether the Commissioner correctly determined taxable net income, and (2) whether or not the petitioner filed a false and fraudulent return with intent to evade tax.

The evidence convinces us that, while the petitioner's return was incorrect, he was innocent of any fraud when he signed and verified it, and we are of the opinion that no fraud penalty can be assessed or collected from him. We are of the opinion, however, that the nondisclosure of tax liability on the original return for the year 1919 was due to negligence on the part of the petitioner, and the motion of counsel for respondent made at the hearing of this appeal that he be adjudged liable to the imposition of a penalty of 5 per cent under the provisions of section 250(b) of the Revenue Act of 1918, is granted. *Appeal of American Packing Co.*, 3 B. T. A. 195. See also *Appeal of Excelsior Motor Manufacturing & Supply Co.*, 5 B. T. A. 582.

The testimony adduced at the hearing shows conclusively that the books kept by the petitioner do not clearly reflect his income. They were discarded by both the revenue agent and the accountants employed by the petitioner as sources from which his income could be ascertained. It is significant that the revenue agent in his original examination and the accountants employed by the petitioner used the same method and utilized the same sources of information in their independent computations of petitioner's net income. Although some differences existed in the intermediate figures obtained by them, there was only a negligible difference in the net result. This difference was not sufficiently large to convince us that the Commissioner erred in assessing a tax in the amount of $444.84 for the year 1919. We are not convinced, however, that the Commissioner was justified in proposing the assessment of an additional tax for that year, based on the arbitrary method employed by the revenue agent in his second computation of petitioner's net income.

In view of what has been said, we are of the opinion that the petitioner's income-tax liability for the year 1919 amounts to $444.84, plus the penalty for negligence provided for by section 250(b) of the Revenue Act of 1918.

*Judgment will be entered on 20 days' notice, under Rule 50.*

Considered by LITTLETON, LOVE, and TRUSSELL.