PERCY N. POWERS, MARY JESSIE POWELL, ADMINISTRATRIX, ESTATE OF MARY I. BALL, JESSE W. POWERS, 2ND., HARRY L. POWERS, NATIONAL IRON BANK, EXECUTOR, ESTATE OF CHARLES H. POWERS, ELSIE B. FOWLER, ISABELLE M. COCHRANE, M. FRANCES FRANCIS, JESSE W. POWERS, 3RD., LILLIAN A. P. ESMOND, PLAINFIELD TRUST CO., EXECUTOR, ESTATE OF DELEVAN A. HOLMES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47232. Promulgated September 10, 1930.

*William L. Woodward, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

ARUNDELL: This proceeding came on for hearing on respondent's motion to dismiss for want of jurisdiction as to certain of the persons set out above as petitioners. The pertinent facts are as follows:

On December 3, 1929, respondent mailed notices of deficiency to the following ten persons:

| | |
|---|---|
| Percy N. Powers | Elsie B. Fowler |
| Mary Jessie Powell, Administratrix, | Isabelle M. Cochrane |
|    Estate of Mary I. Ball | M. Frances Francis |
| Jesse W. Powers, 2nd. | Jesse W. Powers, 3rd. |
| Harry L. Powers | Lillian A. P. Esmond |
| National Iron Bank, Executor, | |
|    Estate of Charles H. Powers | |

Within 60 days thereafter, to wit, on January 31, 1930, a petition was filed with the Board, in the caption of which all ten of those to whom deficiency notices were sent, and also the Plainfield Trust Co., as executor under the will of Delevan A. Holmes, were named as petitioners. The petition sets forth, *inter alia*, that the petitioners are residuary legatees and devisees under the will of Jesse W. Powers, deceased; that the Empire Trust Co. was appointed administrator, *c. t. a., d. b. n.*, of said decedent, and also substituted trustee of the trust not performed under the will of said decedent; that the petitioners are beneficiaries under a trust agreement under which the Empire Trust Co. is trustee; and that leave is requested to file an amended petition because:

\* \* \* Due to the pressure of time it has been impossible to prepare this petition in final form and to secure the signature and verifications of all the petitioners. The petition is for this reason being signed and verified on behalf of the petitioners by the Empire Trust Company as substituted trustee under the will of Jesse W. Powers, deceased, and as trustee under the agreement of trust dated January 21, 1922, executed by the beneficiaries under the will of Jesse W. Powers, deceased, and others.

The petition was signed and verified by the following:

Empire Trust Co.

Percy N. Powers

Mary Jessie Powell, as administratrix of the estate of Mary I. Ball, deceased

Harry L. Powers, individually, and as committee for Jesse W. Powers, 2nd., an incompetent

National Iron Bank, Morristown, N. J., as executor under the last will of Charles H. Powers, deceased

On March 5, 1930, an amended petition was filed listing as parties petitioner all eleven named in the original petition. The amended petition was signed and verified by all eleven of the petitioners.

The respondent has moved to dismiss as to the following:

| | |
|---|---|
| Jesse W. Powers, 3d | Lillian A. P. Esmond |
| Isabelle M. Cochrane | Plainfield Trust Co., as executor under |
| M. Frances Francis | the will of Delevan A. Holmes |
| Jesse W. Powers, 3rd. | |

As grounds for his motion he alleges that as these persons did not sign or verify the petition of January 31, 1920, and no authority has been shown authorizing those who did sign to bring the appeal for those who failed to sign, the petition filed on March 5, 1930, must be regarded as their original petition and this petition was filed 92 days after the mailing of the deficiency notices, which is beyond the statutory period. Respondent further moved for an order to require that a copy of the deficiency notice alleged to have been mailed to either the Plainfield Trust Co., as executor of the estate of Delevan A. Holmes, or direct to Delevan A. Holmes, be attached to the petition.

If we have jurisdiction in the proceedings which the respondent has moved to dismiss, it must be found in the statute. *Clois L. Greene*, 2 B. T. A. 148. The right of appeal from the respondent's determination, of which petitioners seek to avail themselves, is granted by section 274(a) of the Revenue Act of 1926, which provides that within 60 days after the mailing of a deficiency notice *"the taxpayer"* may file a petition with the Board of Tax Appeals for a redetermination." (Italics supplied.) When the right of appeal to the Board was first given to taxpayers by similar wording in the Revenue Act of 1924, we held in an early case that " We know of no authority in law * * * sanctioning or permitting an appeal by one taxpayer for or on behalf of another, even though they are all stockholders in the same corporation and the same question would be raised in an appeal prosecuted by them." *A. H. Stange*, 1 B. T. A. 810. The enactment of the Revenue Act of 1924 marked a new departure in the field of administration of tax laws. The features introduced by that act of requiring a notice of determination

and the right to be heard by the Board before assessment and collection were designed to mitigate the harsh rule of payment first and litigation afterward which had theretofore prevailed. The Supreme Court has characterized the right of appeal to the Board a " valuable right." *Russell* v. *United States*, 278 U. S. 181. To the same extent that the new procedure afforded taxpayers the right of litigation before payment, it operated to hinder the speedy collection of revenue which had always been the right of the Government. Since the enactment of the Revenue Act of 1926, under which a review of the Board's decision may be had by the Federal courts, several years may readily elapse before the termination of the litigation initiated by the taxpayer, and during all that time the taxpayer is permitted to withhold moneys which otherwise would be in the Federal treasury. Certainly it was not intended in bestowing a concession of this magnitude that its benefits could be secured by any means other than strict compliance with the letter of the law. " Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions. must be complied with." *Rock Island, A. & L. R. Co.* v. *United States*, 254 U. S. 141. The applicable law in this proceeding gives the right to initiate a proceeding which will stay collection of the tax to only one person—" the taxpayer," and we know of no authority which would warrant our transgressing the law and extending that right to some one not named in the law.

There are additional reasons why we believe an unauthorized volunteer should not be permitted to initiate a proceeding before the Board. Under section 274(e) of the Revenue Act of 1926 the Commissioner may move for an increase of the tax " at or before the hearing or a rehearing," which, if sustained by the Board's decision, may be assessed and collected. It may well be that the taxpayer does not want to run this risk, but if a petition is filed and accepted as the taxpayer's, he is committed to the consequences whether they work out for or against him. Then, too, it may be that the taxpayer, if left to his choice, would rather pay the tax found due by the respondent than to bear the expense of filing a petition and the cost of prosecuting the proceeding. In view of these things, the decision as to whether a petition for redetermination is to be filed is obviously one to be made by the taxpayer or his authorized agent, and not by a volunteer.

In this proceeding nothing has been shown which in any way indicates that the Empire Trust Co. had authority to execute and file a petition on behalf of any of the taxpayers. Counsel for petitioners made no attempt at the hearing on respondent's motion to establish that such authority existed in the Empire Trust Co. Rule 5(g) of our rules of practice requires a verification of the

petition by the petitioner. We have in a number of cases accepted imperfect petitions signed only by counsel for the taxpayer and allowed amendments to conform to the requirements of the rules, but this was on the theory that the person signing in the first instance was duly authorized to do so. In this case the name of counsel who appeared at the hearing was typed in the original petition, but he did not sign the petition.

In our opinion the petition filed on January 31, 1930, can not be accepted as the petition of Elsie B. Fowler; Isabelle M. Cochrane; M. Frances Francis; Jesse W. Powers, 3rd; Lillian A. P. Esmond; and Plainfield Trust Co., as executor under the will of Delevan A. Holmes, and the respondent's motion to dismiss as to these persons is granted. In view of our action on the motion to dismiss, respondent's motion to require the production of the deficiency notice alleged to have been mailed to either the Plainfield Trust Co., as executor, or direct to Delevan A. Holmes, will be denied.

A separate notice of deficiency was mailed by respondent to each of the taxpayers who signed the single petition filed on January 31, 1930. Each notice of deficiency constitutes the basis for a petition to the Board for a redetermination, and our rules of practice make no provision for the filing of joint petitions by several taxpayers. While each taxpayer who signed the original petition in this proceeding alleges the same errors on the part of the respondent, it does not follow that the issues when framed will be and remain identical in the case of each taxpayer. As pointed out above, the respondent has the right to ask for an increased deficiency, and he may choose to do this as to only some of the taxpayers who join in a single petition. Similarly, the taxpayers have the right to amend within rather elastic limits, and by the time the case comes on for trial each taxpayer may desire to prosecute his case on grounds entirely separate and distinct from each of the others who joined in the original petition. For these reasons, we are of the opinion that it is in the interest of expediency to require each taxpayer who desires to appeal to the Board to file a separate petition. If, upon the issues being framed, they are identical and the parties desire to consolidate for hearing and decision, it is customary in our practice to grant a motion therefor. Accordingly, in the present proceeding each of the taxpayers to whom deficiency notices were sent and who signed the original petition may, within 60 days from the promulgation of this opinion, file separate and amended petitions, and the respondent will be allowed the time prescribed by our rules to answer or move with respect to such petitions.