RUTH MINTZ SACK, SOLE BENEFICIARY AND TRUST MANAGER UNDER NORTHERN TRUST AGREEMENT NO. 9842, AUTHORIZED REPRESENTATIVE OF ALL OF THE HEIRS OF LOUIS MINTZ, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89049.   Promulgated October 5, 1937.

*Eugene Meachem, Esq.*, for the petitioner.
*B. D. Daniels, Esq.*, for the respondent.

#### OPINION.

MILLER:[1] This proceeding came on for hearing July 14, 1937, upon respondent's motion to dismiss for lack of jurisdiction.

The pertinent facts are as follows: On February 18, 1937, the Commissioner mailed a notice of deficiency to "Mr. Louis Mintz, 528 West 63rd Street, Chicago, Illinois." On May 12, 1937, a petition was filed with the Board captioned "Ruth Mintz Sack, sole beneficiary and trust manager under Northern Trust Agreement No. 9842, authorized representative of all of the heirs of Louis Mintz, deceased, Petitioner, v. Commissioner of Internal Revenue, Respondent."

The jurisdictional facts alleged in the petition are that petitioner is an individual, residing at Chicago, Illinois; that the "deficiency letter * * * purports to have been mailed to petitioner on, to-wit: the 18th day of February, 1937"; and that the taxes in controversy are income taxes for 1934.

In verifying the petition Ruth Mintz Sack states that "no executor or administrator has been appointed by any court for or on behalf of the Estate of her Father, Louis Mintz", and that she is authorized to file this appeal on behalf of Louis Mintz by the power of attorney given her by named parties, "being all of the children and only heirs of law of Louis Mintz * * *."

The power of attorney referred to states that the parties named therein, "being all of the children and only heirs at law of LOUIS MINTZ, deceased, * * * do make, constitute and appoint RUTH MINTZ SACK * * * to act as petitioner and prosecute an appeal before the UNITED STATES BOARD OF TAX APPEALS pertaining to the income tax deficiency for the year 1934, proposed as to LOUIS MINTZ, deceased * * *."

---

[1] This report was prepared during Mr. Miller's term of office.

Thereafter, and under date of June 22, 1937, the Commissioner filed a motion to dismiss the proceeding, as captioned and filed, for the reason that the petition shows on its face that one Ruth Mintz Sack is the petitioner party and not the taxpayer Louis Mintz; that the petition fails to show that the taxpayer, Louis Mintz, is deceased; that the petition fails to show that Ruth Mintz Sack is the duly authorized representative of the estate of Louis Mintz, if taxpayer is deceased; that petitioner is not the proper party to appear before the Board; and, therefore, that the Board has no jurisdiction to entertain the appeal.

At the hearing petitioner conceded that the petition contains no direct allegation that the person for whom the deficiency letter was intended is dead. It is urged, however, that no other reasonable inference can be drawn, and counsel stated that the only assets of Louis Mintz consisted of personal property, and the heirs did not want to go to the expense of having the court appoint an executor or administrator and institute probate proceedings in order to file this petition. It is further urged that the petition is sufficient as filed, but if held insufficient, counsel moved the Board to grant him an additional 60 days within which to file an amended petition.

After considering the argument of counsel and the cases cited, it is our opinion that respondent's motion to dismiss for lack of jurisdiction should be granted. The petitioner is not the taxpayer against whom the Commissioner asserted a deficiency. The petitioner is not the person notified of a deficiency in tax, nor is she, as an heir, the personal representative of the taxpayer. Schouler, Wills, Executors and Administrators, vol. 3, p. 1670. The verification of the petition and the attached power of attorney indicate that the petitioner acts not for the taxpayer, but for the named individuals, who, it is alleged, are all the children and heirs of Louis Mintz.

Where the Board's jurisdiction has been challenged as to the proper parties, the general rule is that the party petitioner must be the taxpayer to whom the deficiency notice was directed. *William A. Matern*, 21 B. T. A. 384, and cases there cited. An exception exists, and jurisdiction has been taken, where the deficiency notice was mailed to a deceased taxpayer and the appeal was brought by the executors of his estate. *Edwin W. Eisendrath et al., Executors*, 28 B. T. A. 744. An exception has also been recognized where the person filing the petition has actual authority to represent the taxpayer and no one has been misled as to the liability asserted. *Corinne Porter Scruggs, Administratrix*, 29 B. T. A. 1102, and cases cited. But here the petitioner had no actual authority. No deficiency has been asserted against her or the individuals she allegedly represents. The Board has no jurisdiction, therefore, to

determine a deficiency against her as an individual, as a fiduciary, or in any other capacity. *Leesa Dombrowski*, 35 B. T. A. 1028; *Fred Shingle*, 34 B. T. A. 875; *Martha M. Hanify*, 21 B. T. A. 379; *Percy N. Powers*, 20 B. T. A. 753.

The second motion which we must consider is petitioner's motion that she be granted 60 days in which to file an amended petition. This motion, from its very nature, must be founded upon a proper party petitioner. Neither the taxpayer, nor his legal representative, is before us, and, therefore, we have no petition that can be amended. Petitioner's motion for a 60-day extension of time within which to file an amended petition is, therefore, denied.

An order will issue in accordance herewith dismissing the proceeding for lack of jurisdiction.

Reviewed by the Board.