CITIZENS MUTUAL INVESTMENT ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108572. Promulgated January 7, 1942.

*Joseph B. Brennan, Esq.*, for the petitioner.
*R. C. Whitley, Esq.*, for the respondent.

OPINION.

HARRON: On June 10, 1941, the respondent mailed to the petitioner a notice of deficiency for the fiscal year ended March 31, 1938. The notice sets forth that there is a deficiency in income tax in the amount of $1,300.11, and a deficiency in the surtax on petitioner, as a personal

holding company, in the amount of $4,546.86, and a 25 percent penalty of $1,136.72.

On September 8, 1941, petitioner filed a petition with this Board. In the petition, petitioner set forth as its pleadings as follows:

> (1) That the taxes in controversy are personal holding company surtaxes for the fiscal year 1938 in the amount of $4,546.86, and the 25 percent statutory penalty in the amount of $1,136.72.
>
> (2) That the Commissioner erred in his determination that petitioner was a personal holding company within the meaning of section 351 (b) (1) of the Revenue Act of 1936 as amended by section 352 of the Revenue Act of 1937.

The only issue raised by the pleadings relates to petitioner's liability for surtax as a personal holding company. The penalty was imposed for the failure to file, or, for the late filing of a personal holding company return on Form 1120H. The petition did not set forth any pleading denying or relating to, in any way, the liability for a deficiency in income tax.

On October 29, 1941, before the respondent had filed, or was required to file, an answer to the petition, petitioner filed an amended petition. At that date the statutory ninety-day period within which petitioner could file a petition with the Board had expired. Petitioner set forth in the amended petition new matter, namely, the allegations that the taxes involved included additional income taxes in the amount of $1,300.11, and that the Commissioner had erred in disallowing deductions for ordinary and necessary business expense, reserves for bad debts, and certain losses. These items are three out of four of the adjustments made by the respondent in determining the deficiency in income tax.

Respondent thereupon filed a motion with the Board moving that the petition should be dismissed for lack of jurisdiction in so far as it related to a deficiency in petitioner's income tax, upon the ground that an appeal from the Commissioner's determination of a deficiency in income tax for the taxable year was not made within ninety days following the mailing of the notice of deficiency. Respondent contends that the Board lacks jurisdiction to receive the amended petition filed on October 29, 1941, in so far as it relates to income tax liability.

In our opinion respondent's motion must be granted. With respect to income tax deficiencies, the Board's jurisdiction over appeals from a determination of the Commissioner that there is a deficiency in respect of the tax imposed by Title I of the Revenue Act arises from the filing of a petition within ninety days after such notice is mailed. Sec. 274 (a), Revenue Act of 1924, as amended by sec. 501, Revenue Act of 1934. The income tax is a tax imposed by Title I of the Revenue Act of 1936. Other titles of the revenue act impose other taxes. Title IA imposes additional income taxes, the surtax on personal

50

holding companies. Title II imposes the excess profits tax (in addition to the capital stock tax). Title III imposes a tax on unjust enrichment. (Reference is made to the Revenue Act of 1936.) Under each of these titles, all the administrative provisions of law applicable in respect of taxes imposed by Title I, in so far as not inconsistent, are made applicable in respect of the tax imposed by the separate title. See sec. 351 (c), Revenue Act of 1936; sec. 106 (c), Revenue Act of 1935; sec. 503, Revenue Act of 1936.

The Board has held that a taxpayer may amend his petition, introducing new assignments of error by an amendment to the petition filed after the expiration of the ninety-day period, where the original petition, timely filed, has raised issues relating to *a deficiency*, and the new assignments of error relate to such deficiency. See *American Smelting & Refining Co.*, 44 B. T. A. 131, and cases cited therein. The theory is that the amendment relates back to the date of the filing of the original petition; that the "cause of action" is the general liability for a deficiency which is denied in the original petition. In that case the Commissioner determined a deficiency in income tax for the year 1936 in the amount of $227,492.55, and $80,436.43 for the year 1937. The deficiency resulted from various additions to taxable income, but none of the adjustments related to any item covering a dividends paid credit. In the original petition, petitioner did not make any allegation of error with respect to computation of undistributed net income. In the amended petition, petitioner alleged that for the year 1936 undistributed net income had been understated by the amount of $770,000 and that for the year 1937 undistributed net income had been understated in the amount of $640,995.11. In the petition, petitioner set forth that it had made an error in its return for 1936 by allocating $770,000 out of dividends paid in the amount of $13,163,826.75 to the earnings of certain subsidiaries which were liquidated in 1936. Petitioner did this under article 27(f)-1(c) of Regulations 94. In the amended petition for the first time petitioner claimed that the dividends paid credit which it had taken in its return for 1936 should be increased by $770,000. The item for 1937 was taken up in a similar way, excepting that petitioner claimed a dividends carry-over from 1936 of $640,995.11 under section 27(b) (2), and so for the first time, in the amended petition, petitioner claimed that it was entitled to an increase in the dividends paid credit for 1937 so as to increase the credit from $15,567,923.25 to $16,208,918.36. However, the question of whether or not the dividends paid credit taken in the returns for the taxable years should be increased related to the question over which the Board had jurisdiction under the original petition, namely, the liability of the petitioner for additional *income taxes*, and the correct amount thereof, imposed under Title I

of the applicable revenue acts. Section 27 of the Revenue Act of 1936, relating to corporation credits for dividends paid, is a section under Title I—Income Tax.

The Board has recognized and has pointed out the differences in taxes imposed under different provisions of the statute. See *Will County Title Co.*, 38 B. T. A. 1396, and *Hobbs Western Co.*, 43 B. T. A. 5. In the latter case it was said:

> The Board has held heretofore that a determination in regard to income tax and a determination in regard to excess profits tax are separate so far as jurisdiction of the Board is concerned. * * *

In *Union Telephone Co.*, 41 B. T. A. 152, the Board pointed out that although the income tax and the undistributed profits tax were related, nevertheless, excess profits taxes were imposed by a different title and, therefore, *were separate for jurisdictional purposes of the Board.* *Hobbs Western Co., supra; Lane-Wells Co.*, 43 B. T. A. 463, 480.

Applying that principle here, it is necessary to point out that the income tax and the personal holding company surtax are imposed by different titles and, therefore, are separate for jurisdictional purposes of the Board. Here, two deficiencies were determined, a deficiency in income tax and a deficiency in personal holding company surtax. A determination of a deficiency is vital to the jurisdiction of the Board. *Elmer S. B. Sutton, Executor*, 1 B. T. A. 101. But, the original petition filed timely on September 8, 1941, did not make any assignment of error with respect to the Commissioner's determinations giving rise to the deficiency in income tax. It did not deny liability for a deficiency in income tax. It denied only liability for the personal holding company surtax and the penalty assessed with respect thereto. Since the two taxes are separate for jurisdictional purposes, the Board's jurisdiction in the matter of the surtax deficiency does not extend to the income tax deficiency. When petitioner sought to invoke the Board's jurisdiction over the income tax deficiency by raising issues about it in the amended petition filed on October 29, 1941, the statutory period had expired within which the Board's jurisdiction could be invoked. Furthermore, the pleadings in the original petition did not set forth a "cause of action" which in broad aspects embraced the new issues raised for the first time in the amendment to the petition. Consequently the amendment could not relate back to the original petition.

Accordingly, it is held that the Board has no jurisdiction in this proceeding over the income tax deficiency for the taxable year.

An order will be entered granting the respondent's motion.