*Decisions will be entered under Rule 50.*

ESTATE OF FRANK M. ARCHER, SR., FRANK M. ARCHER, ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108369.  Promulgated June 26, 1942.

*Albert L. Hyland, Esq.*, for the petitioner.
*Davis Haskin, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $10,026.53 in income tax for 1937 and a deficiency of $7,506.30 in income tax and a penalty of $1,876.58 for 1938.

1. For each year a separate notice was sent to the petitioner on June 11, 1941.  A timely petition was filed August 9, 1941, assailing the determination for 1937.  A separate petition assailing the 1938 determination was filed and docketed at Docket No. 108602 on September 10, 1941, which was more than ninety days after the notice was mailed; and on motion of respondent, this was dismissed for want of jurisdiction.  On September 11, 1941, an amended petition was filed in the instant docket, including a new assignment of error which assailed the determination for 1938.  The respondent moved to dismiss this petition in so far as it related to the 1938 deficiency. This motion was denied.  The respondent insists that since the amended petition was filed more than ninety days after the notice of deficiency was mailed, the Board is without jurisdiction to redetermine the deficiency for 1938.  This is obviously so, and the untimely attempt to contest the 1938 deficiency is no more effective when embraced in an amended petition with a timely attack on the 1937

deficiency than when separately filed. The Board has no jurisdiction to decide the merits of the 1938 deficiency; and as to that year, the proceeding is dismissed. *I. Frank 'Sons Co.*, 22 B. T. A. 40.

2. We consider the merits of the 1937 determination. ,The facts are stipulated and need not be specially found. The return was filed in Massachusetts. The petitioner's decedent died April 8, 1937. In 1910 or 1913 he was "associated" with a corporation and was thinking of resigning. He was promised by the majority shareholder that if he remained, he would receive as much as the shareholder's brother received, plus an amount equal to the increase in value of the brother's shares. Nothing was done until early in 1937, when the decedent made claim upon the promisor for $300,000. The claim was denied; and the negotiations had not been "carried to any great extent," when decedent died. The administrator pressed the claim and, in connection with the settlement of another suit, brought by the corporation against decedent's promisor, petitioner on April 16, 1938, received $50,000 in settlement of the claim. On his short period return of income of the decedent for the last period of his life, from January 1, 1937, until April 8, 1937, petitioner did not include in income any part of the said $50,000. The Commissioner held that this was income which was accrued at the date of death and should have been returned for the final period, citing section 42, Revenue Act of 1936, and *Helvering* v. *Enright*, 312 U. S. 636.

At the date of death, decedent had a stale claim for $300,000 upon which demand had been made and refused. Because it was based upon an oral promise which antedated the statutory period of limitations, counsel advised the administrator against suit. Whether, under these circumstances, the claim had any value can not as a matter of fact be determined upon the evidence in the present record, although superficially it would appear to have had none. Nevertheless, the claimee a year later so far acknowledged the validity of the claim as to pay $50,000 in discharge of it. This may be enough to justify the Commissioner in treating the claim as valid and as having had a value of $50,000 at the time of decedent's death; although we do not say it was. But at best, this validity and value at the date of death are constructive, being based upon nothing known at the time of death, but upon subsequent events. Such a rationalized validity and value do not support an accrual of the claim as income up to the time of death, especially of one on the cash basis. "Accruals here are to be construed in furtherance of the intent of Congress to cover into income the assets of decedents, earned during their life and unreported as income, which on a cash return would appear in the estate returns", *Helvering* v. *Enright*, *supra.* This $50,000 was not such as would appear on the estate's income tax return before its actual receipt in April 1938, nor if

decedent had lived would it have been included in his income before he received it. He would not before its receipt have regarded it as accrued income, even if he had kept his accounts on an accrual method. Something more than a disputed assertion of a claim is needed to constitute accrued income; *Jamaica Water Supply Co.* v. *Commissioner*, 125 Fed. (2d) 512; certiorari denied, 316 U. S. 698; cf. *Lillian O. Fehrman, Executrix*, 38 B. T. A. 37; *Estate of Mary A. Bedford*, 40 B. T. A. 475; *Estate of George W. Wickersham*, 44 B. T. A. 619; dismissed (C. C. A., 2d Cir., Feb. 9, 1942) ; *Estate of Lewis Cass Ledyard, Jr.*, 44 B. T. A. 1056.

Petitioner makes a provisional claim for a deduction of attorney's fees for services in respect of the $50,000 collected, in the event that the $50,000 is held to be accrued income. Since we hold that it was not accrued income, the contention needs no decision.

Reviewed by the Board.

> *Decision will be entered for petitioner as to 1937 and dismissing the petition as to 1938.*

---

LEECH, dissenting on the second issue: The majority opinion states that "whether * * * the claim [of decedent] had any value [at the time of decedent's death] can not as a matter of fact be determined upon the evidence in the present record * * *." Upon that finding, I think respondent's determination should be affirmed. *Helvering* v. *Enright*, 312 U. S. 636; *Estate of George W. Wickersham*, 44 B. T. A. 619; dismissed (C. C. A., 2d Cir., Feb. 9, 1942).

MELLOTT agrees with this dissent.