FLETCHER PLASTICS, INC., STEPHAN SCHAFFAN, TRANSFEREE,
PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 7634–74.    Filed April 14, 1975.

*Edwin Fradkin* and *Harvey R. Zeller,* for the petitioner.
*Howard J. Kalson* and *Marwin A. Batt,* for the respondent.

OPINION

DAWSON, *Chief Judge:* This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition in this case was not filed by a proper party.

In a notice of deficiency dated June 20, 1974, respondent determined the following Federal income tax deficiencies:

| FYE Nov. 30— | Deficiency |
| --- | --- |
| 1968 | $14,985.42 |
| 1969 | 22,161.39 |
| 1970 | 1,238.66 |

This notice of deficiency was addressed to "Atlas Tool Co. Inc., Successor to Fletcher Plastics, Inc." The petition filed herein on September 13, 1974, was captioned "Fletcher Plastics, Inc., Stephan Schaffan, Transferee, Petitioner." It alleged that Fletcher Plastics was a corporation organized under the laws of

New Jersey but dissolved more than 3 years before the mailing of the notice of deficiency, and that Stephan Schaffan was its sole shareholder.

On October 25, 1974, respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition had not been filed by a proper party. On November 12, 1974, counsel for Atlas Tool filed a memorandum objecting to respondent's motion to dismiss and a motion to amend the caption together with a motion to amend its petition pursuant to Rules 41(a) and 60(a), Tax Court Rules of Practice and Procedure. At the same time it also filed an amended petition in which the caption was the same as that set forth in the statutory notice of deficiency. These motions were heard in Washington, D.C., on December 4, 1974.

There is no dispute that the petition captioned "Fletcher Plastics, Inc., Stephan Schaffan, Transferee, Petitioner" was timely filed. However, respondent asserts in his motion that neither Fletcher Plastics, Inc., nor Stephan Schaffan is the party to whom a notice of deficiency was sent nor are they legally entitled to institute a case on behalf of Atlas Tool Co., Successor to Fletcher Plastics, Inc., based on the notice of deficiency mailed in this case.

The only issue for our decision is whether Atlas Tool Co., Inc., the taxpayer to whom the notice of deficiency was sent, can ratify and amend, after the 90-day statutory period has expired, a petition filed on its behalf and signed by its counsel which was intended to contest the deficiencies determined in that notice, but incorrectly captioned.

The jurisdiction of the Tax Court is specifically limited by statute, section 7442,[1] and the statutory requirements must be satisfied for us to acquire jurisdiction. See *Cincinnati Transit, Inc.*, 55 T.C. 879, 882 (1971), affd. per curiam 455 F. 2d 220 (6th Cir. 1972); *Oklahoma Contracting Corp.*, 35 B.T.A. 232, 236 (1937).

To invoke our jurisdiction, section 6213(a) requires that "the taxpayer" to whom a notice of deficiency is addressed must file a timely petition with this Court for a redetermination of the deficiency determined in such notice.

---

[1] Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as in effect during the years at issue.

A review of the cases decided prior to the adoption of our new Rules of Practice and Procedure on January 1, 1974, indicates that the general rule is that a petition must be filed by the taxpayer against whom the deficiency was determined or his duly authorized representative, except in cases of transferee liability, see *Cincinnati Transit, Inc., supra* at 882–883; and except where a party is permitted to ratify an imperfect petition, after proving that the original filing was made on his behalf by one authorized to do so. *Norris E. Carstenson,* 57 T.C. 542 (1972); *Ruth Mintz Sack,* 36 B.T.A. 595, 596–597 (1937); *Ethel Weisser,* 32 B.T.A. 755 (1935). Compare *Alex H. Davison,* 13 T.C. 554 (1949); *Percy N. Powers,* 20 B.T.A. 753 (1930).

Section 7453 provides that proceedings in this Court "shall be conducted in accordance with such rules of practice and procedure * * * as the Tax Court may prescribe." The conflict here arises because respondent believes that language in selected portions of the Notes accompanying the new Rules reflects a change in our attitude toward amendments to pleadings, even though the Note to Rule 41(a),[2] which deals with amendments to pleadings, expressly states that the new Rule does "not represent a change in present practice."

Respondent notes that Rule 60(a) provides that a petition should be filed by and in the name of the person against whom the Commissioner determined a deficiency. He contends that since that was not done here, Rule 41(a) bars amendment of the petition. The pertinent part of that Rule reads as follows:

No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file * * *

In support of his position, respondent stresses the Note following this Rule which reads:

The rule of liberal amendment provided here applies to all pleadings, except for certain areas relating to the petition which concern the jurisdiction of the Court. The Court's jurisdiction is limited with respect to (a) the taxpayers whose tax deficiency or liability may be redetermined; (b) the years for which such redetermination may pertain. In these respects, a case is fixed by the petition as originally filed or as amended within the statutory period for filing the petition, and thereafter may not be altered by amendment as to any of these

---

[2] Unless otherwise noted, all references to a Rule or Rules are to the Tax Court Rules of Practice and Procedure.

areas. *Miami Valley Coated Paper Co.* v. *Commissioner,* 211 F. 2d 422 (C.A. 6, 1954); *Estate of Frank M. Archer,* 47 B.T.A. 228 (1942); *Citizens Mutual Investment Association,* 46 B.T.A. 48 (1942); *Percy N. Powers,* 20 B.T.A. 753 (1930); *John R. Thompson Co.,* 10 B.T.A. 57 (1928); *Louis Wald,* 8 B.T.A. 1003 (1927).

Within the limits which apply to permissible amendments, see Par. (d) of this rule as to the relation back of the amendment to the initial date of filing of the pleading.

To the contrary, petitioner argues that this is a procedural, not a jurisdictional, problem. After noting that Rules 23(a)(1) and 32(a) require that a proper caption[3] be placed on all pleadings filed with this Court, petitioner cites Rule 41(a) which provides, in relevant part, that a party may amend his pleadings either "by leave of court or by written consent of the adverse party; *and leave shall be given freely when justice so requires."* (Emphasis added.) Petitioner argues that this reflects a liberal attitude toward amendment of pleadings.

In further support of his position, petitioner refers to Rule 60(a) which provides, in relevant part, that:

A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. * * *

The Note following this Rule further shows a liberal attitude toward amendment and/or correction of pleadings in a case like that presently before us:

Where the intention is to file a petition on behalf of a party, the scope of this provision permits correction of errors as to the proper party or his identity made in a petition otherwise timely and correct. * * *

After careful examination of the record and the law, we will deny respondent's motion to dismiss and grant petitioner's motion to amend the caption and the pleadings. Atlas Tool clearly intended to file a petition to contest the deficiencies determined in a notice of deficiency sent to it and this petition was signed by its duly authorized counsel, as permitted by Rule 34(b)(7).[4] Rule 60(a) expressly permits a party to timely ratify a

---

[3] The practitioner can easily satisfy this requirement by using the name of the party to whom the notice of deficiency was sent, as it appears on the statutory notice, in the caption of the petition.

[4] It appears that the improper caption resulted from an attempt of counsel to make the caption consistent with his theory that Fletcher Plastics was liquidated rather than a party

defective petition filed on its behalf. The Note states that this Rule permits the correction of errors as to the proper party to be made where there was an intent to file a petition on behalf of a party.

Our holding here is consistent with Rule 34(a) which provides that "Failure of the petition to satisfy applicable requirements *may* be ground for dismissal of the case." (Emphasis added.) The Note to this Rule explains the emphasized language as follows:

The dismissal of a petition, for failure to satisfy applicable requirements, depends on the nature of the defect, and therefore is put in the contingent "may" rather than the mandatory "shall" of present T.C. Rule 7(a)(2). * * *

In so acting, we are not taking jurisdiction of a matter which is outside our jurisdiction as determined by the petition originally filed. See Rule 41(a). A review of the cases cited in the Note to that Rule shows that most deal with untimely amendments relating to taxable years or categories of taxes different than those contained in the original petition. Motions to make such amendments are generally not granted since they would confer jurisdiction over a matter which otherwise would not be within our jurisdiction as determined by the petition as then on file. *Miami Valley Coated Paper Co. v. Commissioner*, 211 F. 2d 422 (6th Cir. 1954), and *Citizens Mutual Investment Assn.*, 46 B.T.A. 48 (1942), are cases where the petitioner attempted to question for the first time, in his proffered amendment, the propriety of a different kind of tax than that raised in the original timely petition. Most of the other cited cases were untimely attempts to contest a determination for a taxable year not questioned in the original petition. See *Estate of Frank M. Archer*, 47 B.T.A. 228 (1942); *John R. Thompson Co.*, 10 B.T.A. 57 (1928); and *Louis Wald*, 8 B.T.A. 1003 (1927), where we held that we have jurisdiction only over those years specifically raised in the original petition or a timely filed amendment. See also *John L. Brooks*, 63 T.C. 710 (1975), for our discussion of these cases.

to a reincorporation under sec. 368(a)(1)(D) as determined by respondent. For this reason, Atlas Tool was referred to in the petition only as the sole client of Fletcher Plastics and the buyer of Fletcher Plastics' operating equipment. Counsel emphasized that Stephan Schaffan was Fletcher's sole shareholder, who was, as such, liable as a transferee.

It is also alleged that the consents and papers relating to the deficiency were all in the name of Fletcher Plastics.

While neither of these is a sufficient reason for failing to use a proper caption, they are not inconsistent with an intent to file a petition to contest the deficiencies determined against Atlas Tool.

The remaining case cited in the Note, *Percy N. Powers,* 20 B.T.A. 753 (1930), is not on point, but does illustrate that our policy on amendments involving parties is more liberal. In that case a joint petition was filed on behalf of 10 petitioners, but not signed by all of them. We refused to permit an untimely amendment to add the nonsigning petitioners because counsel had not signed the original petition and, furthermore, there was no showing of his authority to act on their behalf. See also *Alex H. Davison, supra; Fred Shingle,* 34 B.T.A. 875, 876 (1936); *Consolidated Companies, Inc.,* 15 B.T.A. 645, 652 (1929); *Bond, Inc.,* 12 B.T.A. 339, 340 (1928). However, we noted in *Powers* at page 757, that we had permitted amendments to petitions signed by taxpayer's counsel upon a showing that the person who signed the original petition had been duly authorized to do so. We reaffirmed this position in *Ethel Weisser, supra; Norris E. Carstenson, supra;* and very recently in *John L. Brooks, supra.*

The instant case is clearly distinguishable from *Powers* because the petition here was signed by counsel for Atlas Tool who had authority to sign the petition on its behalf, and Atlas Tool has timely ratified that act. Since the petition was filed on behalf of a party who has timely ratified the act of its authorized agent, this is not a case where the administrative problems noted in *Percy N. Powers, supra* at 756, and *Bond, Inc., supra* at 342, would arise.

This situation is also distinguishable from those cases where a petition has been brought by a nonexistent party, see *Great Falls Bonding Agency, Inc.,* 63 T.C. 304 (1974), since Atlas Tool was in existence when the petition and amendment were filed. Finally, this case is to be distinguished from *Cincinnati Transit, Inc., supra,* and *Oklahoma Contracting Corp., supra,* where a party to whom a statutory notice of deficiency was not sent attempts to join, as a party-petitioner, the taxpayer to whom the notice of deficiency was sent. Here the statutory notice was sent to Atlas Tool on whose behalf a petition was filed. Atlas Tool has ratified that filing and seeks to amend that petition here.

Accordingly, we conclude that although the original defective petition was not filed in the name of a proper party as required by Rule 60, and did not have a proper caption as required by Rules 23(a)(1) and 32(a), the clear language of Rule 60(a) bars dismissal under these particular facts. We hold that this is a proper case for amendment of the pleadings under Rule 41(a); and under

Rule 41(d) the amendment will relate back to the date of the filing of the original petition.

*An appropriate order will be entered.*