EMMANUEL AND VENUS CORDERO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cordero v. Commissioner
Docket No. 5131-90
United States Tax Court
T.C. Memo 1991-9; 1991 Tax Ct. Memo LEXIS 9; 61 T.C.M. (CCH) 1646; T.C.M. (RIA) 91009; January 14, 1991, Filed *9 Anthony J. LaSpada, for the petitioners. Howard P. Levine, for the respondent SCOTT, Judge. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to Venus Cordero for the years 1985 and 1986 filed May 7, 1990. Some of the facts have been stipulated and are found accordingly. At the time of the filing of the petition in this case, petitioners resided in Lutz, Florida. Petitioner Emmanuel Cordero (Mr. Cordero) and petitioner Venus Cordero (Mrs. Cordero) timely filed a joint Federal income tax return for the calendar year 1984 with the Internal Revenue Service in Atlanta, Georgia. Neither Mr. nor Mrs. Cordero filed a Federal income tax return for either the year 1985 or the year 1986. On December 29, 1989, respondent mailed a joint notice of deficiency to Mr. and Mrs. Cordero for the calendar year 1984 and an individual notice of deficiency to Mr. Cordero and to Mrs. Cordero for the years 1985 and 1986. For the 1985 and 1986 taxable years, respondent asserts that petitioners failed to report income and allocated 50 percent of the amount of the alleged unreported income *10 to Mr. Cordero in his notice of deficiency and 50 percent to Mrs. Cordero in her notice of deficiency. The computation of the alleged total unreported income as shown in Mr. Cordero's notice of deficiency is reduced specifically by the 50 percent of such income allocated to Mrs. Cordero. On May 10, 1989, Mr. LaSpada filed with the Internal Revenue Service a power of attorney to represent both Mr. and Mrs. Cordero requesting that copies of all notices or other written communications addressed to them be sent to him. On March 20, 1990, a petition was filed by Mr. LaSpada with this Court in the names of Emmanuel and Venus Cordero. The original petition was signed on behalf of Mr. and Mrs. Cordero by Mr. LaSpada as their attorney. At the time of filing the original petition, Mr. LaSpada was unaware that a notice of deficiency for the years 1985 and 1986 had been mailed to Mrs. Cordero. In relevant part, the original petition stated: * * * 2. The Notice of Deficiency for the 1984 tax year is attached hereto as Exhibit "A" and the Notice of Deficiency for the tax years 1985 and 1986 is attached hereto as Exhibit "B". Said Notices of Deficiency were mailed to the Petitioners *11 on December 29, 1989, and were issued by the Internal Revenue Service at Jacksonville, Florida. 3. The deficiencies as determined by the Commissioner, involve income taxes, penalties and interest, relating to the calendar years beginning in 1984 through and including 1986, a total of three (3) years. Specifically, the allegations of the Commissioner are set forth in the explanation of adjustments attached to each of the Notices of Deficiency attached hereto. 4. The total tax penalties and interest calculations are as follows:
a.
For the tax year 1984,
- Additional Tax
$ 18,082.00
- Fraud Penalty, Section 6653(b)(1)
9,041.00
- Substantial Underpayment Penalty 6661
4,521.00
TOTAL for 1984
$ 31,644.00
b.
For the tax year 1985,
- As to Mr. Cordero Only
- Additional Tax
$  9,952.00
- Fraud Penalty, Section 6653(b)(1)
4,976.00
- Estimated Tax Penalty Section 6654
5,073.00
- Substantial Underpayment Penalty
Section 6661
2,488.00
TOTAL for 1985
$ 22,489.00
c.
For the tax year 1986
- as to Mr. Cordero only
- additional tax
$ 13,540.00
- Fraud Penalty, Section 6653(b)(1)(a) [sic]
10,155.00
- Estimated Tax Penalty Section 6654
654.00
- Substantial Underpayment Penalty
Section 6661
3,385.00
TOTAL for 1986
$ 27,734.00
TOTAL TAXES AND PENALTIES
$ 81,867.00
(except interest on taxes and penalties)
*12 4.[sic] The determination of the taxes, penalties and interest as set forth in said Notices of Deficiency is based on the following errors: a. * * * The Service has likewise determined that during the years 1985 and 1986, similar payments from Dr. Hillseth constituted additional income to Mr. Cordero, as detailed above. Exhibit "A" is the joint notice of deficiency for the year 1984 and Exhibit "B" is the notice of deficiency for the years 1985 and 1986 issued to Mr. Cordero individually. The notice of deficiency mailed to Mrs. Cordero individually for the years 1985 and 1986 is not attached to the original petition. On April 4, 1990, an Amended Petition was filed (amended petition). The amended petition is substantially the same as the original petition with the exception that the amended petition contests also the deficiency determined in Mrs. Cordero's income tax for the years 1985 and 1986. Because one-half of the alleged unreported income had been allocated to Mr. Cordero and one-half to Mrs. Cordero, the amounts at issue for Mrs. Cordero are the same as those at issue for Mr. Cordero for the years 1985 and 1986 as set forth in the original *13 petition. If a taxpayer wishes to contest a deficiency determined by the Commissioner in this Court he must file a petition with this Court within 90 days from the date of the mailing of the notice of deficiency. Sec. 6213. [1] It is the policy of this Court to be liberal in treating as petitions all documents intended as petitions filed by taxpayers within the statutory 90-day period. See, e.g., Castaldo v. Commissioner, 63 T.C. 285, 287 (1974); Joannou v. Commissioner, 33 T.C. 868, 870 (1960).The parties agree that the statutory 90-day period had not expired at the time of the filing of the original petition but had expired at the time of the filing of the amended petition. If documents intended to be filed as petitions do not comply with the form and content requirements for petitions *14 as set forth in the Rules of this Court, a taxpayer may file an amended petition to correct the technical defects. See, e.g., Fletcher Plastics, Inc. v. Commissioner, 64 T.C. 35 (1975); Brooks v. Commissioner, 63 T.C. 709 (1975); Carstenson v. Commissioner, 57 T.C. 542 (1972).Rule 41(a)[2] provides that prior to the filing of a responsive pleading a party may file an amended petition or may file an amended petition at any time by leave of the Court. However, if the time for filing a petition has expired and the amended petition attempts to confer jurisdiction on the Court, which has not been conferred by the original petition, this Court lacks jurisdiction over the issue raised in the amendment. The parties disagree as to whether the amended petition in this case attempts to confer jurisdiction on this Court that was not conferred by the original petition. *15 Respondent has moved the Court to dismiss the amended petition or in the alternative to dismiss the portion of the case relating to adjustments to Mrs. Cordero's taxes for the years 1985 and 1986 and to strike the allegations pertaining to Mrs. Cordero's tax liabilities for the years 1985 and 1986. Respondent states that Mrs. Cordero's taxable years 1985 and 1986 were not placed in issue in the original petition and that the amended petition was not filed within the 90-day period from the date of the mailing to her of a notice of deficiency for those years. Based on these statements respondent contends that this Court does not have jurisdiction over Mrs. Cordero's tax liabilities for the years 1985 and 1986. Petitioners contend that the original petition confers jurisdiction on this Court over Mrs. Cordero's tax liabilities for the years 1985 and 1986. They argue that both petitioners and all taxable years were placed in issue in the original petition with the result that the amended petition does not seek to confer additional jurisdiction upon this Court. A husband and wife who receive separate notices of deficiency for a taxable year may file one joint petition with this Court. *16 Bryant v. Commissioner, 33 T.C. 201 (1959). Therefore Mr. and Mrs. Cordero could have filed one joint petition from their separate notices for 1985 and 1986. The issue is not whether they were permitted to so file, but rather did they file a petition for those years as to each of them. A taxpayer may not, after the time for filing a petition has expired, place in issue a taxable year or tax liability of a different taxpayer in an amended petition which was not included in the original petition. O'Neil v. Commissioner, 66 T.C. 105 (1976); Estate of DuPuy v. Commissioner, 48 T.C. 918 (1967). For a petition to cover a particular year it must contain some objective indication that petitioner contests the deficiency for that year. O'Neil v. Commissioner, supra; Estate of DuPuy v. Commissioner, supra.
In O'Neil v. Commissioner, supra, the Commissioner issued a notice of deficiency for the taxable years 1968 through 1971. The taxpayer timely filed a petition contesting the deficiency determinations for the taxable years 1968 through 1970, but not 1971. The notice of deficiency was attached to the petition. After the expiration of the statutory *17 90-day period, the taxpayer filed an amended petition attempting to contest the deficiency determination of all the years stated in the notice of deficiency. Respondent moved to dismiss the case insofar as it related to the year 1971 for lack of jurisdiction on the ground that the year 1971 was not raised within the statutory 90-day period. We found that there was nothing in the original petition indicating that the taxpayer was contesting the deficiency determination for the year 1971 stating: "Each year is the origin of a new liability and of a separate cause of action." Commissioner v. Sunnen, 333 U.S. 591, 598, 92 L. Ed. 898, 68 S. Ct. 715 (1948).* * * The terms of the petition must be examined to ascertain which of the years has been put in issue by an indication that the determination for that year is disputed.
O'Neil v. Commissioner, supra at 108.Accordingly, we held that we lacked jurisdiction over the year 1971. As petitioners state, both petitioners and all taxable years were mentioned in the original petition. However, the deficiencies determined against both petitioners were not placed in issue for the years 1985 and 1986. This Court does not obtain jurisdiction *18 over all parties to the petition for a year where the deficiency determined for the year was put in issue with respect to only one of the parties to the petition. Each party to the petition must raise the issue of error in the determination of his or her deficiency for each year he or she intends to place in issue in the petition. The objective indication in the original petition is that the deficiency determined against Mrs. Cordero for the years 1985 and 1986 is not contested. Paragraph 4 of the original petition specifically lists the deficiencies that are contested. Both Mr. and Mrs. Cordero are referred to for the year 1984. For the years 1985 and 1986, the language specifically states that the deficiency is contested only as to Mr. Cordero. The total tax liability stated in the petition to be in issue can only be arrived at by excluding the liability determined against Mrs. Cordero for the years 1985 and 1986. If the total deficiencies determined against Mrs. Cordero for the years 1985 and 1986 had been put in issue, the total amount of the deficiencies contested for those years would have been twice the amount put in issue as to Mr. Cordero only for those years. *19 Petitioners specifically refer to the allocation of additional income to Mr. Cordero in 1985 and 1986. No mention is made of the allocation of income to Mrs. Cordero in 1985 and 1986. Only the notice of deficiency issued to Mr. Cordero is attached to the original petition. The original petition is devoid of any objective indication that petitioners intended to contest the deficiencies determined against Mrs. Cordero for the years 1985 and 1986. Petitioners place great reliance on our holding in Truskowsky v. Commissioner, T.C. Memo 1988-319.In Truskowsky v. Commissioner, supra, the Commissioner issued a notice of deficiency to husband taxpayer for the year 1980 and a joint notice of deficiency to husband and wife taxpayers for the year 1981. Taxpayers filed a petition, captioned in both their names, with this Court referring only to the deficiency determined for the 1980 taxable year. Both notices of deficiency were attached to the petition. Respondent filed a motion to dismiss for lack of jurisdiction as to the wife taxpayer and to change the caption of the petition. After the expiration of the statutory 90-day period, taxpayers moved for leave to file an amended *20 petition. Taxpayers argued that they included the 1981 taxable year in their petition by filing a joint petition and by attaching both notices of deficiency to the joint petition. They maintained that if the taxpayer husband had intended to file a petition for the 1980 taxable year only, he would not have needed to file a joint petition or attach the joint notice of deficiency issued for the year 1981. We found that, because the petition was captioned in both of the taxpayers' names and because the joint notice of deficiency for the 1981 taxable year was attached to the original petition, there was an objective indication that the taxpayers intended to contest the deficiency for the year 1981. Accordingly, we held that we had jurisdiction over the year 1981. The facts in Truskowsky v. Commissioner, supra, are distinguishable from the facts of the present case. In the Truskowsky case the objective indication that the taxpayers intended to include the year 1981 arose from the attaching to the petition of the notice of deficiency for the year 1981 and the inclusion of the wife taxpayer as a party to the petition which she would be only for the year 1981. Under the *21 facts before this Court, the notice of deficiency issued to Mrs. Cordero for the year 1985 and 1986 was not attached to the petition. Because Mrs. Cordero was contesting the deficiency determined for the year 1984, she was named as a party in the petition. The caption of the original petition was accurate without reference to the years 1985 and 1986. Counsel for petitioners stated at the oral argument in this case that at the time the petition was filed he did not know a deficiency had been determined against Mrs. Cordero for the years 1985 and 1986. This fact merely reinforces the conclusion that the original petition did not place Mrs. Cordero's tax liabilities for the years 1985 and 1986 in issue. See Normac, Inc. v. Commissioner, 90 T.C. 142, 148 (1988). Alternatively, petitioners argue that Mrs. Cordero should be allowed to ratify the original petition because she and Mr. Cordero intended to place into issue the tax liability for the years 1985 and 1986 determined against each of them. Ratification of the original petition is permitted only where it is shown by clear evidence that the original petition was filed on behalf of a taxpayer by another person duly authorized *22 to do so. Brooks v. Commissioner, 63 T.C. 709, 714 (1975).Mr. LaSpada could not have intended to file on behalf of Mrs. Cordero for the years 1985 and 1986 in response to the notice of deficiency issued to her because he was unaware that she had received a notice of deficiency for those years. Therefore there is no intent of Mr. LaSpada to file a petition placing Mrs. Cordero's tax liabilities for 1985 and 1986 in issue for Mrs. Cordero to ratify. Normac, Inc. v. Commissioner, supra; Fletcher Plastics, Inc. v. Commissioner, 64 T.C. 35 (1975). Finally, petitioners argue that since Mr. LaSpada did not receive a copy of the notice of deficiency sent to Mrs. Cordero for the years 1985 and 1986 in accordance with his request in the power of attorney respondent's motion should not be granted. He contends that the Internal Revenue Manual rules have not been followed and that the Internal Revenue Service should not benefit from the failure to follow these rules. The record is not clear that Mr. LaSpada was not sent a copy of the notice of deficiency issued to Mrs. Cordero for the years 1985 and 1986. Even if a copy of the deficiency notice to Mrs. Cordero for the *23 years 1985 and 1986 was not sent to Mr. LaSpada, no violation of due process would result. See Rosenberg v. Commissioner, 450 F.2d 529 (10th Cir. 1971), affirming a Memorandum Opinion of this Court. Petitioners have presented no evidence to establish that due process has been violated. Mrs. Cordero received and had in her possession the notice of deficiency for the years 1985 and 1986 at the time the original petition was filed. The language of the notice of deficiency issued to Mr. Cordero for the years 1985 and 1986 makes it clear that only 50 percent of the alleged unreported income had been attributed to him and that the other 50 percent had been attributed to Mrs. Cordero. The fact that the income had been divided between Mr. and Mrs. Cordero should have alerted Mr. LaSpada to the fact that a notice of deficiency had also been issued to Mrs. Cordero. Mr. LaSpada did not make any effort to determine whether Mrs. Cordero had received a notice of deficiency for the years 1985 and 1986. Respondent's motion to dismiss the amended petition as to Mrs. Cordero for the years 1985 and 1986 and to strike will be granted. An appropriate order will *24 be issued.
Footnotes
1. Unless otherwise indicated, all statutory references are the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Rule 41(a) states in part: A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. If the pleading is one to which no responsive pleading is permitted and the case has not been placed on a trial calendar, then a party may so amend it at any time within 30 days after it is served. Otherwise a party may amend a pleading only by leave of Court or by written consent of the adverse party, and leave shall be given freely when justice so requires. No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file. * * *↩