GIBSON AMUSEMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22214. Promulgated April 16, 1931.

*Lawrence A. Baker, Esq.*, and *Henry Elliott, Esq.*, for the petitioner.

*F. R. Shearer, Esq.*, for the respondent.

OPINION.

BLACK: Respondent determined deficiencies against petitioner as follows:

| | |
|---|---|
| 1918 | $21, 659. 41 |
| 1919 | 28, 318. 94 |
| Total | 49, 978. 35 |

From this determination petitioner has appealed and alleges errors as follows:

1. The Commissioner has erroneously denied affiliation of this petitioner with the Stanley Company of America, and/or subsidiaries of the Stanley Company of America.

2. The Commissioner, in computing the tax under section 328, Revenue Act of 1918, has employed comparatives which were not representative corporations and by his failure to make comparison with the corporations required by section 328 of said Act, has denied relief to which the petitioner is entitled.

Respondent in his answer entered denials to these allegations as follows:

(1) Denies that the Commissioner has erroneously denied affiliation of this petitioner with the Stanley Company of America, and/or subsidiaries of the Stanley Company of America.

(2) Denies that the Commissioner, in computing the tax under section 328, Revenue Act of 1918, has employed comparatives which were not representative corporations and by his failure to make comparison with the corporations required by section 328 of said Act, has denied relief to which the petitioner is entitled.

The petition was signed by Lawrence A. Baker, whose name was entered as attorney of record for petitioner in the proceeding, and who has appeared for the petitioner in presenting the several motions acted upon by the Board during the course of this proceeding. No question was raised that the petition was not what it purported to be, to wit, the petition of the Gibson Amusement Company. The petition was verified by James M. Brennan, the certificate of verification being in the following form:

James M. Brennan, being duly sworn, says that he is the Comptroller of the Stanley Company of America, which Company acquired all of the stock of the taxpayer named in the foregoing petition, and as such officer of the Stanley Company of America is duly authorized to verify the foregoing petition; that he has read the said petition, or had the same read to him, and is familiar with the statements therein contained, and that the facts stated therein are true, except such facts as are stated to be upon information and belief and those facts he believes to be true.

The proceeding came on for hearing March 16, 1931, at which time Lawrence A. Baker, attorney of record for petitioner, moved to dismiss the appeal for lack of jurisdiction, alleging in said motion that the petition was improperly verified in that it showed on its face that it was not sworn to by any officer of petitioner, but by James M. Brennan, comptroller of the Stanley Company of America, and that there was nothing to show that he had any authority from petitioner to verify said petition. This motion was denied. A similar question was passed upon in *Burnet, Commissioner of Internal Revenue* v. *First National Bank of Fresno*, 46 Fed. (2d) 631, decided January 26, 1931, by the United States Circuit Court of Appeals for the Ninth Circuit. In that case the Court said:

The respondent has interposed a motion to dismiss the petition for review for the reason that the petition for appeal from the determination of the Commissioner of Internal Revenue to the Board of Tax Appeals was not properly verified, and for the further reason that the respondent was dissolved at the time the appeal was prosecuted. The motion is without merit.

In discussing a defective verification to a petition, in *Leidigh Carriage Co.* v. *Stengel*, 95 F. 637, 641, Judge Taft said:

"The second objection embodied in the second and sixth assignments of error is that the petition and application were not properly verified. The petition and application were, as we have seen, signed in the names of the petitioners by the attorneys, and there was a verification showing that these attorneys were attorneys of record, and that the facts were true. We do not propose to pass upon the question whether this petition was verified in proper form. The petition was answered by all the parties in interest, without any objection to its form. We have not the slightest doubt that, under

any system of pleading, such a pleading to the merits waives all formal or model matters. A verification of the petition is certainly a formal or model matter, and does not reach to the jurisdiction."

\* \* \* \* \* \* \*

The motion to dismiss is therefore denied, and the decision of the Board of Tax Appeals is reversed on the authority of *Com'r. of Internal Revenue* v. *Bank of Italy*, just decided.

On the authority of the above cited case we think there was no error in denying petitioner's motion to dismiss the appeal for lack of jurisdiction. At the hearing petitioner offered no evidence in support of its allegation of error contained in the petition. Respondent's determination of the deficiencies for the respective years is presumed to be correct and the burden of proof is on the petitioner to show that this determination is incorrect. *Avery* v. *Commissioner*, 22 Fed. (2d) 6. This burden of proof petitioner has not sustained.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

VAN FOSSAN, concurring: While I agree with the result reached in this case, I would base my disposition of the motion to dismiss on the well recognized rule that, having invoked the jurisdiction of the Board, the petitioner will not be heard to deny its jurisdiction. *Merchants Heat & Light Co.* v. *Clow*, 204 U. S. 286; *De Lima* v. *Bidwell*, 182 U. S. 1. This rule applies with special force in this case, where the only basis of petitioner's motion is the alleged insufficiency of the verification of its own petition.