Monitor Amusement Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 22215. Promulgated April 16, 1931.

*Lawrence A. Baker, Esq.,* and *Henry Elliott, Esq.,* for the petitioner.

*F. R. Shearer, Esq.,* for the respondent.

OPINION.

BLACK: Respondent determined deficiencies against petitioner as follows:

| | |
|---|---|
| 1918 | $22,109.75 |
| 1919 | 28,032.38 |
| Total | 50,142.13 |

From this determination petitioner has appealed and alleges errors as follows:

1. Failure of the Commissioner to grant affiliation of this petitioner and other corporations.

2. Failure of the Commissioner to employ proper comparatives in computing the tax under section 328, Revenue Act of 1918.

Respondent in his answer entered denials to these allegations as follows:

1. Denies that the Commissioner erred in refusing to grant affiliation of the taxpayer with other corporations.

2. Denies that the Commissioner failed to employ proper comparatives in computing the tax under section 328, Revenue Act of 1918.

The petition was signed by Lawrence A. Baker, whose name was entered as attorney of record for the petitioner in the proceeding and who has appeared for the petitioner in presenting several motions acted upon by the Board during the course of this proceeding. No question was raised that the petition was not what it purported to be, to wit, the petition of the Monitor Amusement Company. The petition was verified by James M. Brennan, the certificate of verification being in the following form:

James M. Brennan, being duly sworn, says that he is the Comptroller of the Stanley Company of America, which Company acquired all of the stock of the taxpayer named in the foregoing petition, and as such officer of the Stanley Company of America is duly authorized to verify the foregoing petition; that he has read the said petition, or had the same read to him, and is familiar with the statements therein contained, and that the facts stated therein are true, except such facts as are stated to be upon information and belief and those facts he believes to be true.

The proceeding came on for hearing March 16, 1931, at which time Lawrence A. Baker, attorney of record for petitioner, moved to dismiss the appeal for lack of jurisdiction, alleging in said motion that the petition was improperly verified in that it was not sworn to

by an officer of petitioner but by James M. Brennan, comptroller of the Stanley Company of America, and that there was nothing to show that he had any authority from petitioner to verify said petition. This motion was denied for the same reasons stated in *Gibson Amusement Company*, Docket No. 22214, this day decided. We think there was no error in denying petitioner's motion to dismiss the appeal for lack of jurisdiction. *Burnet, Commissioner of Internal Revenue* v. *First National Bank of Fresno*, 46 Fed. (2d) 631, decided January 26, 1931, by the United States Circuit Court of Appeals for the Ninth Circuit. At the hearing petitioner offered no evidence in support of its allegations of error contained in the petition. Respondent's determination of the deficiencies is presumed to be correct and the burden of proof is on petitioner to show that the determination is incorrect. *Avery* v. *Commissioner*, 22 Fed. (2d) 6. This burden of proof petitioner has not sustained.

Reviewed by the Board.

*Decision will be entered for the respondent.*