ETHEL WEISSER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78606. Promulgated June 12, 1935.

· *T. M. Wilkins, Esq.*, for the petitioner.
*Eugene E. Smith, Esq.*, for the respondent.

### OPINION.

BLACK: This report deals with a motion filed by respondent to dismiss the amended petition of Ethel Weisser filed February 23, 1935. The grounds stated in respondent's motion are as follows: "In support of his motion the respondent represents that as this

taxpayer did not sign or verify the petition filed on December 15, 1934, and no authority has been shown authorizing the one who did sign to bring an appeal for this taxpayer, the petition on February 23, 1935, must be regarded as the original petition of this taxpayer and this petition was filed 159 days after the deficiency notice was mailed, which is beyond the statutory period."

Respondent's motion came on for hearing May 1, 1935. An examination of the facts of record shows that on December 15, 1934, a petition was filed with the Board, captioned " Samuel J. Weisser, Ethel Weisser, Petitioner, *v.* Commissioner of Internal Revenue." This petition, which was given Docket No. 78100 by the Board, is in words and figures as follows:

The above-named petitioner hereby petitions for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency, IT: C: P–7, dated September 17th, 1934, and as a basis of his proceeding alleges as follows:

1. The petitioner is an individual, residing at 698 West End Avenue, in the Borough of Manhattan, City and State of New York.

2. The notice of deficiency (a copy of which is attached and marked Exhibit A) was mailed to the petitioner on September 17th, 1934.

3. The taxes in controversy are:

Income taxes for the calendar year 1931 for $1,117.81

Income taxes for the calendar year 1932 for $725.55.

4. The determination of tax set forth in the said notice of deficiency is based upon the following errors:

The assessment herewith protested was based upon taxpayer's liability as transferee of the assets of the Seth Realty Co., Inc., for deficiency due by said taxpayer.

5. The facts upon which the petitioner relies as the basis of this proceeding are as follows:

The taxpayer was a stockholder of the Seth Realty Co., Inc., as the result of an investment in said company. The Seth Realty Co., Inc., was a realty holding corporation, whose assets were foreclosed on April 1st, 1932, resulting in the loss of taxpayer's investment in full. The taxpayer, under these circumstances, did not receive any assets of Seth Realty Co., Inc. and should not, therefore, be held liable as transferee.

WHEREFORE, the petitioner prays that this Board may hear the proceeding and abate the taxes herewith assessed.

[Signed]   ABRAHAM RAPPAPART, C. P. A.

Counsel for Petitioner,

Office & P. O. Address, 122 East 42nd Street, New York City.

STATE OF NEW YORK |
CITY OF NEW YORK }ss.:
COUNTY OF NEW YORK |

SAMUEL J. WEISSER, being duly sworn, says:

That he is the petitioner above-named; that he has read the foregoing petition, or had the same read to him, and is familiar with the statements contained therein, and that the facts stated are true, except as to those facts stated to be upon information and belief, and those facts he believes to be true.

[Signed]   SAMUEL J. WEISSER,

(JURAT)                                    ETHEL WEISSER, *Agent.*

On January 26, 1935, respondent moved to dismiss the foregoing petition because it was not verified as required by the Board's rules. Respondent's motion came on for hearing February 23, 1935, on which date petitioner Samuel J. Weisser asked leave and was permitted to file an amended petition, properly verified under the Board's rules. Whereupon, the Board entered an order denying respondent's motion to dismiss as to Samuel J. Weisser, and granting respondent the usual time within which to answer or move in respect of the amended petition.

Nothing is now before us with respect to the amended petition of Samuel J. Weisser. Respondent has filed his answer thereto and the proceeding is on the Board's general calendar for future hearing. On the same day, February 23, 1935, on which Samuel J. Weisser filed his amended petition, Ethel Weisser filed a document which she styled amended petition. This amended petition was given Docket No. 78606. It is regular in form and respondent urges no objection against it on that ground, but contends that prior to the filing thereof there was no appeal filed with the Board by Ethel Weisser and that this amended petition was filed 159 days after the notice of deficiency was mailed to her and was therefore too late. Respondent introduced in evidence copy of a mailing list which shows that deficiency notice was mailed to "Mrs. Ethel Weisser," September 17, 1934. There is no dispute on this point.

Petitioner Ethel Weisser, without objection, has offered in evidence an affidavit which reads as follows:

I, ETHEL WEISSER, of 698 West End Avenue, New York, New York, the petitioner in the petition to the United States Board of Tax Appeals, Docket No. 78606, which petition was originally filed on my behalf on December 15, 1934, which said petition was jointly filed on behalf of my husband, Samuel J. Weisser, and on my behalf and as originally filed bears United States Board of Tax Appeals Docket No. 78100. My petition has since been amended and separated from the joint petition of my said husband and now the Board has assigned to my said separate amended petition Docket No. 78606. The said joint petition was signed and filed on my behalf with the clerk of the United States Board of Tax Appeals on December 15, 1934, by my duly authorized agent, Abraham Rappaport, Certified Public Accountant of 122 East 42nd Street, New York, New York.

The said joint petition was so filed by the said Mr. Rappaport as aforesaid in accordance with my direct authorization, instruction and request, and in accordance with the authorization, instruction and request of my husband, the said Samuel J. Weisser.

The alleged liability of myself and my said husband from which we both jointly appealed in the said petition bearing Docket No. 78100 relates to our alleged liability as transferees of the Seth Realty Company, Incorporated, for the calendar years 1931 and 1932 with respect to which the Commissioner of Internal Revenue, under authority of Section 272 (a) of the Revenue Act of 1934, addressed deficiency notices to me and to my said husband as such alleged transferees under date of September 17, 1934, determining deficiencies against

us as transferees of the said Seth Realty Company, Incorporated, in the amount of $1,117.81 for the calendar year 1931 and $725.55 for the calendar year 1932. These same deficiencies were determined by the Commissioner of Internal Revenue against the said Seth Realty Company, Incorporated, for the calendar years 1931 and 1932, and inasmuch as the alleged liability of myself and my husband as alleged transferees of the said Seth Realty Company, Incorporated, was involved in each of the said deficiency notices mailed to me and to my husband on September 17, 1934, it appeared to be appropriate to my husband and to me that we file our petitions jointly to the United States Board of Tax Appeals in order to have the United States Board of Tax Appeals properly redetermine the said deficiencies.

Since the said proper and authorized filing by the said Mr. Rappaport on December 15, 1934, of my said petition jointly on my behalf and on behalf of my husband, bearing Docket No. 78100, we have each caused to be filed separate amended petitions to conform to the rules of the United States Board of Tax Appeals. My amended petition bears Docket No. 78606 and my husband's amended petition bears Docket No. 78100.

Attached hereto and marked "Exhibit A" is a true copy of the statement which was attached to the notice of deficiency dated September 17, 1934, which the Commissioner of Internal Revenue mailed to this petitioner on that date. Attached hereto and marked "Exhibit B" is a true copy of the statement attached to the notice of deficiency mailed to my husband, the said Samuel J. Weisser, by the Commissioner of Internal Revenue on September 17, 1934. Copies of these two said statements are attached for the purpose of showing that the alleged liabilities of this petitioner and her husband, the said Samuel J. Weisser, from which the said joint petition was filed on December 15, 1934, each relate to the identical alleged liability of the Seth Realty Company, Incorporated.

(JURAT)                                          [Signed]  ETHEL WEISSER.

Abraham Rappaport, who signed the petition in Docket No. 78100, captioned "Samuel J. Weisser and Ethel Weisser v. Commissioner of Internal Revenue," filed December 15, 1934, testified orally at the hearing on respondent's motion to dismiss. His testimony fully corroborated the statements made by Ethel Weisser in the foregoing affidavit.

We think that on this evidence it is clear that the petition in Docket No. 78100 filed December 15, 1934, and captioned "Samuel J. Weisser and Ethel Weisser", was intended to be a joint petition, and while it did not comply with the Board's rules of practice, it was the right of Samuel J. Weisser and Ethel Weisser to file amended petitions which would comply with the Board's rules of practice and this we think they have done.

Under authority of *Percy N. Powers*, 20 B. T. A. 753, we think the amended petition filed by Ethel Weisser on February 23, 1935, dates back to the filing of the petition in Docket No. 78100, on December 15, 1934, and that respondent's motion to dismiss for lack of jurisdiction must be denied. Cf. *Jacob Held, Jr.*, 20 B. T. A. 863. Respondent relies on the *Powers* case as authority for granting

his motion to dismiss in this proceeding. However, we think the *Powers* case is distinguishable on its facts from the facts in the instant case and when properly interpreted does not support respondent's contention.

The facts in the *Powers* case were, briefly, that a petition was filed with the Board in which ten names appeared in the caption as petitioners. Only five of these petitioners signed and verified the petition. The Commissioner moved to dismiss the appeal of those whose names were in the caption but who did not sign or verify the petition. As grounds for his motion the Commissioner alleged that as these persons did not sign or verify the petition of January 31, 1930, and no authority had been shown authorizing those who did sign to bring the appeal for those who failed to sign, the petition filed on March 5, 1930, must be regarded as their original petition and this petition was filed 92 days after the mailing of the deficiency notices, which was beyond the statutory period.

In granting respondent's motion to dismiss the appeals of those whose names appeared in the caption of the petition but who had not signed and verified it, we did so on the ground that there was no evidence that they authorized the filing of the petition at the time it was filed. On that point we said:

In this proceeding nothing has been shown which in any way indicates that the Empire Trust Co. had authority to execute and file a petition on behalf of any of the taxpayers. Counsel for petitioners made no attempt at the hearing on respondent's motion to establish that such authority existed in the Empire Trust Co. Rule 5(g) of our rules of practice requires a verification of the petition by the petitioner. We have in a number of cases accepted imperfect petitions signed only by counsel for the taxpayer and allowed amendments to conform to the requirements of the rules, but this was on the theory that the person signing in the first instance was duly authorized to do so. In this case the name of counsel who appeared at the hearing was typed in the original petition, but he did not sign the petition.

In the instant case the name of counsel was actually signed in his own handwriting to the petition filed December 15, 1934, and this same counsel testified at the hearing, as has already been shown, that he was fully authorized by Ethel Weisser to file the petition for her. He is corroborated in that statement by the affidavit of Ethel Weisser, already set out herein in full.

In view of these circumstances we think it must be held that the petition filed in Docket No. 78100 on December 15, 1934, was a joint petition of Samuel J. Weisser and Ethel Weisser, that it was filed within 90 days from the mailing of the deficiency notice to each and that the amended petition filed by Ethel Weisser February 23, 1935, and docketed No. 78606, should be considered as properly filed, relat-

ing back to the filing of the joint petition on December 15, 1934, in Docket No. 78100, and that respondent's motion to dismiss should be denied. *Percy N. Powers, supra; Jacob Held, Jr., supra.*

> *An order will be entered denying respondent's motion to dismiss and granting respondent the usual time to answer or move with respect to the amended petition.*