## SCHWARTZ v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10518.

Circuit Court of Appeals, Ninth Circuit.

Feb. 16, 1944.

Hy Schwartz, of Los Angeles, Cal., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Tax Division, and Sewall Key, Arthur Manella, and James P. Garland, Sp. Assts. to the Atty. Gen., for appellee.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The question here is one of jurisdiction.

On November 24, 1942, the Commissioner of Internal Revenue mailed to Hy Schwartz and Marie E. Schwartz, his wife, also the taxpayer and petitioner herein, a joint notice of deficiency for income taxes for the period from 1934 through 1938. Within 90 days, on February 19, 1943, a petition for review was filed, which was signed and verified by Hy Schwartz only. The Commissioner of Internal Revenue filed a motion to dismiss the proceeding for lack of jurisdiction. An amended petition for review was filed April 12, 1943, signed and verified by Hy Schwartz as attorney in fact and as counsel in behalf of the petitioner Marie E. Schwartz. Attached to the amended petition was a copy of the power of attorney from Marie E. Schwartz to Hy Schwartz. On April 14, 1943, the tax court dismissed the petition as to Marie E. Schwartz for lack of jurisdiction.

The provisions of the Internal Revenue Code pertinent to the question in issue read as follows:

" § 272. Procedure in general.

"(a) (1) Petition to Board of Tax Appeals.

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with

the Board of Tax Appeals for a redetermination of the deficiency. * * *" 26 U.S.C.A. Int.Rev.Code, § 272.

The Tax Court is authorized by law to prescribe its own rules of practice and procedure. Section 1111, 26 U.S.C.A. Int.Rev. Code.

Rule 6 of the Rules of Practice before the Tax Court of the United States, 26 U.S. C.A. Int.Rev.Code following section 5011, requires that the above petition shall contain:

" * * *

"(g) The signature of the petitioner or that of his counsel.

"(h) A verification by the petitioner; provided that where the petitioner is sojourning outside the United States or is a nonresident alien, the petition may be verified by a duly appointed attorney in fact, who shall attach to the petition a copy of the power of attorney under which he acts and shall state in his verification that he acts pursuant to such power, that such power has not been revoked; that petitioner is absent from the United States * * *." Section 21,554, Prentice-Hall, Federal Tax Service, Volume 2.

In the case at bar, the amended petition for review, filed April 12, 1943, was signed by Hy Schwartz and the verification recited that it was made on behalf of and signed for the petitioner as her counsel and as her attorney in fact. This amended petition for review was not filed within the 90 day period of limitation and was not verified by the petitioner. The petitioner relies on the case of Ethel Weisser v. Commissioner of Internal Revenue, 32 B.T.A. 755, in which case the original petition also was improperly verified, and 159 days after the notice of deficiency was mailed the amended petition, regular in form, was filed. In that case the court held that the original petition was timely filed within the 90 days and that the amended petition was properly filed and related back to the filing of the original petition.

■ In the instant case, it is this court's view that even though an amended petition relates back to the date of filing of the original petition, the amended petition in this case can not be so related back because it is not a sufficient petition. The Tax Court's Rules of Practice state the verification must be by the taxpayer, except where the taxpayer is outside of the United States, in which case the petition may be

verified by an attorney in fact. Hy Schwartz who made this verification is a practicing attorney and presumably knew. the law. Verification of the petition for review by the attorney in fact or counsel is permissible only when the taxpayer is outside of the United States. It was admitted that petitioner, Marie E. Schwartz, was not at the time in question outside of the United States. Rule 6 of the Rules of Practice before the Tax Court further provides that the attorney in fact must state in the verification that he acts pursuant to the power of attorney and further that the petitioner is absent from the United States.

With respect to the other cases relied upon by the taxpayer, the factual situations are distinguishable from the one before the court. Gibson Amusement Co. v. Commissioner of Internal Revenue, 22 B.T. A. 1212, and Monitor Amusement Company v. Commissioner of Internal Revenue, 22 B.T.A. 1214, hold that the verification is not a matter of jurisdiction. In both of these cases, answers had been filed to the petitions and the case had proceeded to trial before the motion was made to dismiss the appeal for lack of jurisdiction. This is also true of the case of Burnet, Commissioner of Internal Revenue v. First National Bank of Fresno, 9 Cir., 46 F.2d 631, in which this court quoted from Leidigh Carriage Co. v. Stengel, 6 Cir., 95 F. 637, 641:

" * * * The petition was answered by all the parties in interest, without any objection to its form. We have not the slightest doubt that, under any system of pleading, such a pleading to the merits waives all formal or modal matters. * * *"

■ In the present case, the Commissioner of Internal Revenue moved to dismiss the petition for review for lack of jurisdiction after the filing of the petition. No answer or other pleading was filed by the Commissioner of Internal Revenue. We believe the objection to the petition was timely made in this case and that the petitioner's attempt to cure the defect by filing an amended petition not properly verified was not in compliance with the rules of practice followed in the Tax Court. As seen from the statute quoted above, the petition for .redetermination must be filed within ninety days, and the petition must be that of the taxpayer. In this case, the ninety-day period had expired, and the petition thereafter filed was not that of the taxpayer within the mean-

ing of the Tax Court's regulation. In any event the dismissal of the petition was within the sound discretion of the Tax Court, and regardless of the presence or absence of jurisdiction there was no abuse of discretion upon which error can be predicated.

Accordingly, the decision of the Tax Court is affirmed.