Communist Party of the U.S.A. v. Commissioner.
Communist Party of U. S. A. v. Commissioner
Docket No. 63763.
United States Tax Court
T.C. Memo 1962-65; 1962 Tax Ct. Memo LEXIS 245; 21 T.C.M. (CCH) 356; T.C.M. (RIA) 62065; March 23, 1962
John J. Abt, Esq., 11 Park Place, New York, N. Y., for the petitioner. Charles R. Johnston, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: On May 18, 1956, the Commissioner mailed a notice of deficiency to "Communist Party of the U.S.A., 101 West 16th Street, New York 11, New York." The petition herein was filed August 14, 1956. It is captioned "Communist Party of the U.S.A., Petitioner" and it is alleged therein that petitioner "is an unincorporated association with principal office at 101 West 16th Street, New York, New York" and that the notice of deficiency "was mailed to petitioner on May 18, 1956." These allegations are admitted by the answer. The petition is signed by John J. Abt, Counsel for Petitioner, and is verified by Philip *246 Bart. The verification states, "Philip Bart, being duly sworn, says that he is the acting treasurer of the petitioner abovenamed and is duly authorized by it to verify the foregoing petition * * *." On February 6, 1962, the Commissioner filed a motion to dismiss the petition for the following reasons: (a) the case was not brought by the person against whom the Commissioner determined the deficiency as required by section 6213(a) of the Internal Revenue Code of 1954 and Rule 6 of the Tax Court Rules of Practice, (b) the petition and appeal from the respondent's statutory notice to this Court are not brought by the proper officer or officers of the petitioner, (c) the petition does not contain proper allegations showing jurisdiction in the Court as required by Rule 7(c)(4)(B)2 of the Tax Court Rules of Practice and (d) the petition is not properly verified on behalf of the petitioner as required by Rule 7(c)(4)(D) of the Tax Court's Rules of Practice.
On February 7, 1962, the Court entered its order that this case be dismissed for lack of jurisdiction unless the petitioner on or before March 14, 1962 files written objection to the respondent's motion to *247 dismiss setting forth facts, supported by appropriate documentary evidence establishing the fact that the Court has jurisdiction of this case. On March 12, 1962, the petitioner filed written objection to the respondent's motion, but filed no documentary evidence in support thereof. On the basis of the present record including the pleadings, the motion to dismiss is not well taken. Rule 6 of the Rules of Practice requires that a case in the Tax Court shall be brought by and in the name of the person against whom the Commissioner determined the deficiency. So far as we can see, that has been done and compliance with the rule is established by the pleadings. Rule 4(f) requires the petition to be signed either by petitioner or his counsel. The petition here is signed by petitioner's counsel and his authority to act is not questioned. So far as the Commissioner's motion is based on an alleged defect in the verification, it is without merit. There is no specific provision in the rules for verification on behalf of an unincorporated association such as petitioner here. The rules do provide that where petitioner is a corporation, the person verifying shall state in his verification that *248 he has authority to act for the corporation. Though the petitioner is not a corporation, the verification before us contains a statement that the verifier is authorized to verify the petition and apparently complies with the spirit of the rule. But even if this verification were deficient we do not think that on the state of the pleadings, this would be grounds for dismissal. In Gibson Amusement Co., 22 B.T.A. 1212 this tribunal cited with approval the following statement made by the Court of Appeals for the Ninth Circuit in Burnet, Commissioner of Internal Revenue v. First National Bank of Fresno, 46 F. 2d 631: The respondent has interposed a motion to dismiss the petition for review for the reason that the petition for appeal from the determination of the Commissioner of Internal Revenue to the Board of Tax Appeals was not properly verified, and for the further reason that the respondent was dissolved at the time the appeal was prosecuted. The motion is without merit. In discussing a defective verification to a petition, in Leidigh Carriage Co. v. Stengel, 95 F. 637, 641, Judge Taft said: "The second objection embodied in the second and *249 sixth assignments of error is that the petition and application were not properly verfied. The petition and application were, as we have seen, signed in the names of the petitioners by the attorneys, and there was a verification showing that these attorneys were attorneys of record, and that the facts were true. We do not propose to pass upon the question whether this petition was verified in proper form. The petition was answered by all the parties in interest, without any objection to its form. We have not the slightest doubt that, under any system of pleading, such a pleading to the merits waives all formal or model matters. * * *" * * *
The motion to dismiss is therefore denied, and the decision of the Board of Tax Appeals is reversed on the authority of Com'r of Internal Revenue v. Bank of Italy, just decided. Here the petition on its face complies with the rules, it has been answered admitting the jurisdictional matters referred to above, and we think the cited cases govern. See also Estate of Thomas E. Arnett, 31 T.C. 320. An order will be entered denying respondent's motion to dismiss.