JOHN L. BROOKS AND SUSANNA L. BROOKS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8929–74.    Filed March 24, 1975.

John L. Brooks and Susanna L. Brooks, pro se.
*Joseph T. Chalhoub* and *Richard A. Jones,* for the respondent.

### OPINION

DAWSON, *Judge:* This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction as to Susanna L. Brooks and to change the caption of the case. We must decide whether Susanna L. Brooks, who received with her husband a joint notice of deficiency, can invoke the jurisdiction of this Court by ratifying and amending, after the 90-day statutory period, a document accepted as a timely petition captioned in both of their names but signed only by her husband.

The pertinent facts may be summarized as follows: John L. Brooks and Susanna L. Brooks, husband and wife, filed a joint Federal income tax return for the year 1972. A joint statutory notice of deficiency was sent to them at their last known address on August 9, 1974, in which respondent determined that they are jointly and severally liable for a deficiency of $2,164.50 and an addition to tax under section 6653(a)[1] of $108.22. A document captioned in the names of John L. Brooks and Susanna L. Brooks was received by the Court on November 11, 1974, and was treated and filed as a petition. The document was signed only by John L. Brooks. Attached to the document were portions of the original statutory notice of deficiency listing both petitioners' names, as well as a letter dated November 5, 1974, sent to petitioner John L. Brooks by respondent which indicated that Mr.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

Brooks could file a petition, based on the statutory notice of deficiency already issued, with this Court. Respondent's letter of November 5, 1974, was not addressed to Susanna L. Brooks. It refers only to John L. Brooks, using the words "you" and "your" throughout when advising that a petition may be filed with this Court. Correspondingly, the document filed by John L. Brooks uses the singular "I" twice in referring to the deficiency for himself and his wife. In his motion to dismiss for lack of jurisdiction as to Susanna L. Brooks, filed on December 27, 1974, respondent alleges that the document executed by John L. Brooks was neither executed nor verified by Susanna L. Brooks and does not purport to be a petition by or on her behalf. He further alleges that since a petition has not been timely filed by Susanna L. Brooks or by a person duly authorized to file a petition on her behalf, this Court lacks jurisdiction over her.

In response to respondent's motion to dismiss, the petitioners filed two documents with this Court on February 19, 1975, stating that they considered their protest against respondent's original determination of deficiency to be a joint protest. One document states that John L. Brooks was "duly authorized to institute an appeal" in this Court on behalf of his wife, Susanna L. Brooks. The second document is substantially similar to the original timely filed petition. Both documents are notarized and signed by John L. Brooks and Susanna L. Brooks.

Rule 34, Tax Court Rules of Practice and Procedure, sets forth the basic requirements for filing a petition with this Court. A petition is also governed by other Rules that relate to pleadings, including Rule 41(a) and Rule 60. Under Rule 34(a) a petition, filed in response to a notice of deficiency directed to more than one person, must be filed *by or for* each person. Rule 34(b)(7) requires that each petition be signed by each petitioner or his counsel. The Note to Rule 34(a) adds that:

The dismissal of a petition, for failure to satisfy applicable requirements, depends on the nature of the defect, and therefore is put in the contingent "may" rather than the mandatory "shall" * * *

No person can obtain Tax Court review of a deficiency unless a petition is filed by him. Thus, a document, which is tendered for filing by a taxpayer, as his petition only, to review a deficiency determined in a notice against two taxpayers, will not commence a case in the Court for the second taxpayer. Petitions, as pleadings, are also governed by Rule 41. Under the latter Rule, a

party may amend his pleading under stated conditions. Rule 41(a) provides, in part, that:

No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file. * * *

The Note to Rule 41(a) states that its provisions "in essence do not represent a change in present practice." As to the Court's jurisdiction over parties and years in issue, the Note also states that "In these respects, a case is fixed by the petition as originally filed or as amended within the statutory period for filing the petition."

Under Rule 41(d) permissible amendments of a pleading are deemed to relate back to the original time for the filing of that pleading unless ordered otherwise by the Court.

Several cases, relevant to various types of amendments to pleadings, are cited in the Note accompanying the liberal amendment Rule of 41(a). The first case, *Miami Valley Coated Paper Co. v. Commissioner*, 211 F. 2d 422 (C.A. 6, 1954), affirmed a dismissal by this Court of an amended petition alleging errors relating to deficiencies in income tax and declared value excess profits taxes. These errors were new issues as to the category of tax in dispute and were not raised in the original timely filed petition. The Court of Appeals for the Sixth Circuit, in affirming this Court, concluded that the taxpayer could not later raise by amendment to its petition grievances not timely asserted earlier. In *Estate of Frank M. Archer*, 47 B.T.A. 228 (1942), the taxpayer filed a timely petition to contest a determination for the taxable year 1937. A separate untimely petition was later filed which related to a determination for the taxable year 1938. On motion by respondent the later untimely petition was dismissed for lack of jurisdiction. The taxpayer thereafter attempted to amend the original timely petition to add for our consideration the taxable year 1938. We refused to permit such an amendment and dismissed its consideration as to the year 1938. In *Citizens Mutual Investment Association*, 46 B.T.A. 48 (1942), we held that a timely filed petition contesting a deficiency in personal holding company surtax did not grant this Court jurisdiction over a separate deficiency in income tax not referred to in the original petition. Amendments to the original petition made after the 90-day period relating to the

separate income tax deficiency were held not to relate back to the petition and could not confer jurisdiction on the Court. Two other cited cases, *John R. Thompson Co.*, 10 B.T.A. 57 (1928), and *Louis Wald*, 8 B.T.A. 1003 (1927), stand for the proposition that the jurisdiction of this Court extends only to the years specified in the original timely filed petition.

The remaining case, *Percy N. Powers et al.*, 20 B.T.A. 753 (1930), is most relevant to the instant case. There the taxpayers were not allowed to file an amended petition after the expiration of the 90-day period where the original timely filed petition was not shown to have been executed by one who had authority to act on behalf of the taxpayers. We noted, however, that in a number of prior cases, the Court had accepted imperfect petitions signed only by counsel for the taxpayer and allowed amendment thereto "on the theory that the person signing in the first instance was duly authorized to do so." *Percy N. Powers et al., supra* at 757. This language was subsequently reaffirmed in our opinion in *Ethel Weisser*, 32 B.T.A. 755 (1935). There the taxpayer was permitted to file an amended petition which related back to an original timely filed petition signed by an accountant on her behalf and with her explicit authorization. Clear evidence was presented to show that the original petition was intended to be a joint petition with her husband, even though it did not strictly comply with the Court's Rules of Practice. Citing *Percy N. Powers et al., supra,* we noted that imperfect petitions may be amended to conform to our Rules of Practice where there is evidence that the original signatory was duly authorized to file the petition on behalf of a nonsigning petitioner. More recently, this Court has similarly permitted an amendment to a defective petition filed on behalf of a husband and wife by their agent, where evidence was introduced to show that petitioners had authorized and approved the filing of their original petition by the agent. Thus, in *Norris E. Carstenson*, 57 T.C. 542, 545 (1972), we said:

The situation presented by the case at bar is not unlike that occurring frequently where a statutory notice is issued to a husband and wife, and a petition is filed in both their names but is signed by one spouse alone (usually the husband), who is not an attorney or admitted to practice before our Court. * * *

In such situations, we explained, if the nonsigning spouse will file an amended petition, adopting the act of the signing spouse, we will retain jurisdiction over both spouses on the theory that the

signing spouse has acted as an agent or attorney-in-fact for the nonsigning spouse. Of course, such relief by way of permitting amendments to a defective petition is entirely discretionary with the Court and will be considered on a case-by-case basis. As we emphasized in *Norris E. Carstenson, supra* at 546: "The Court expects petitioners seeking relief in this Court to conform to the requirements of its rules."

The above-cited cases found in the Note accompanying Rule 41(a) indicate that generally amendments to a petition out of time will not be favored where they relate specifically to the type of tax involved or to the taxable years in issue. However, the citation in the Note to Rule 41(a) to *Percy N. Powers et al., supra,* likewise indicates that amendments will be permitted on a case-by-case basis where it is shown by clear evidence that an original petition was filed on behalf of a taxpayer by a person "duly authorized to do so." Our opinions in *Ethel Weisser, supra,* and *Norris E. Carstenson, supra,* merely reaffirmed this application of the liberal amendment rule of the *Powers* case and now contained in Rule 41(a), particularly where a joint notice of deficiency has been issued to taxpayers who are husband and wife. This spirit of liberal amendment upon a showing of proper authorization by the original signing party is further reflected in the language incorporated in Rule 60(a), which provides:

A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency * * *. A case timely brought *shall not be dismissed* on the ground that it is not properly brought on behalf of a party *until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case;* and *such ratification shall have the same effect as if the case had been properly brought by such party.* Where the deficiency or liability is determined against more than one person * * * only such of those persons who shall duly act to bring a case shall be deemed a party or parties. [Emphasis supplied.]

Thus, dismissal of a case for lack of jurisdiction over a party will not be granted if evidence is introduced within a reasonable time after filing a defective petition which ratifies the original filing by another party on behalf of a petitioner. The Note which accompanies Rule 60(a) is quite explicit on this point. It states:

Where the *intention* is to file a petition on behalf of a party, the scope of this provision permits correction of errors as to the proper party or his identity made in a petition otherwise timely and correct. * * * [Emphasis supplied.]

While amendments attempting to alter the tax in issue, or the years in dispute, will not generally be favored, it is clear that, where the original petition was intended as a petition by a proper petitioner, and after evidence of ratification by a proper petitioner is presented to this Court, we will generally permit conforming amendments as to the "proper party or his identity made in a petition otherwise timely and correct."

Respondent contends that this Court has adopted in its new Rules of Practice and Procedure a "mechanical test" with regard to amended pleadings in order to simplify the resolution of jurisdictional problems raised by requested amendments to pleadings. He cites Rule 41(a) and argues that an amendment to a petition should not be permitted beyond the 90-day statutory period to add a nonsigning party as a new party on the ground that the "matter" (the tax year) was already before the Court. He cites *Percy N. Powers et al., supra,* and *Norris E. Carstenson, supra,* as representative of an "intent test" which in the past required proof that one spouse "purported to act" for both spouses in filing an original timely petition before an amendment thereto would be permitted. He contends that, while Rule 60(a) basically provides for liberal ratification with regard to a deficiency determined against one party, it must be read together with Rules 41(a), 34(a), and 34(b)(7) to require that each original timely petition have the signatures of each petitioner or his counsel. Respondent suggests that the new Rules contain no specific exception allowing a nonsigning spouse to. adopt by amendment or ratification beyond the 90-day statutory period the petition of the signing spouse, and that the Court could amend its Rules to provide for such an exception. He also urges us to apply a mechanical test, requiring signatures of both spouses on the original petition, in the interests of administrative expediency, despite the seemingly harsh possibility of collection proceedings which might result against the nonsigning spouse. He argues that this would avoid speculation by the Court, and presumably by the respondent as well, on an ad hoc basis as to whether there is a present intention by the nonsigning party to petition the Court within the 90-day period.

It is true that application of the "intent test" in cases such as the one before us must be made on a case-by-case basis, as we noted in our earlier discussion of our opinion in *Norris E. Carstenson, supra.* However, as we interpret the language of

Rules 34(a), 34(b)(7), 41(a), and 60(a) in the light of the explanatory Notes to such Rules, we think the "intent test" should continue to be applied to cases such as this under the new Rules. Our Note to Rule 34(a) is explicit that dismissal of a petition thereunder depends on the nature of the defect therein, and that Rule is stated in the contingent "may" rather than the mandatory "shall." Rule 34(b)(7) permits signature by petitioner or his "counsel." Our prior cases hold that a spouse may be viewed as an "attorney in fact" where subsequent ratification is shown by clear evidence. Rule 41, which permits amendments to pleadings, specifically does "not represent a change in present practice." The cases cited under Rule 41(a) include *Percy N. Powers et al., supra,* which first set forth the intent test as it applied to spouses filing petitions with this Court. Such test was later reaffirmed in *Ethel Weisser, supra,* and *Norris E. Carstenson, supra.* These three cases certainly represent the "present practice" which remained unaltered by Rule 41. And, finally, respondent acknowledges that the language of Rule 60 favors petitioners here. It liberally provides for amendments to a timely petition upon a showing of proper authorization by the signing party to act on behalf of the nonsigning party.

There is clear evidence in this case that Susanna L. Brooks intended that her husband, John L. Brooks, act on her behalf and with her approval in petitioning this Court for a redetermination of the deficiency and addition to tax. In our judgment she has satisfied the requirements of our pertinent Rules. Accordingly, we will deny respondent's motion to dismiss for lack of jurisdiction as to Susanna L. Brooks.

*An appropriate order will be entered.*