ALFONSO GARCIA, [1] Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent Garcia v. Commissioner
Docket No. 5641-78.
United States Tax Court
T.C. Memo 1980-389; 1980 Tax Ct. Memo LEXIS 199; 40 T.C.M. (CCH) 1248; T.C.M. (RIA) 80389; September 16, 1980, Filed *199 Held: Certain travel, entertainment and selling expenses disallowed for lack of adequate substantiation. Held further: Respondent's determination disallowing certain medical expenses sustained in view of petitioner's failure to introduce evidence in support of the claimed expenditures. Alfonso Garcia, pro se. David M. Kirsch, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $5,900.48 in petitioner's 1975 Federal income tax. Due to concessions the remaining issues for decision are: (1) Whether petitioner is entitled to a deduction for certain travel, entertainment and selling expenses. (2) Whether deductions for medical expenses taken by petitioner on his 1975 return are allowable.
FINDINGS OF FACT Some of the facts have been stipulated.These facts together with the exhibits attached thereto are incorporated herein by this reference. Petitioner, Alfonso Garcia, was a resident of Miami, Florida, at the time of the filing of the petition in this case. Petitioner and his former wife filed a timely joint Federal income tax return for the taxable year 1975 with Internal Revenue Service Center, Chamblee, Georgia. *200 Throughout the year 1975, petitioner was a traveling jewelry salesman representing Chantilly Jewelers, Miami, Florida and Beuche-Girod Corp., New York, New York. Petitioner traveled often throughout the State of Florida in an effort to sell jewelry. He also made occasional trips to Georgia and Louisiana and attempted to open new territories on a trip to Michigan and Iowa. A total of 190 days were spent by petitioner on business travels in 1975.Petitioner usually traveled to his business destinations by air, although he occasionally used his automobile. Petitioner was paid solely on a commission basis. Chantilly Jewelers, the principal business represented by petitioner, did not reimburse petitioner for any expenses he incurred on his business travels. On his 1975 tax return petitioner claimed $21,133.00 of employee business expenses itemized as follows: Travel Expenses While Away from Home
Airplane, Boat, Railroad, etc. fares
$ 4,076.00
Meals and Lodging
10,300.00
Auto Expenses
1,000.00
Entertainment and Tips
2,325.00
Total
$17,701.00
Outside Salesperson's Expenses
Automobile Expenses
2,552.00
Selling Expenses
880.00
Total
3,432.00
Total Claimed Employee Business Expenses
$21,133.00
In his notice *201 of deficiency dated March 3, 1978, repondent allowed expenses of only $5,111.00 as follows: Automobile Expenses
$ 2,831.00
Meals and Lodging
2,280.00
$ 5,111.00 Respondent computed the $2,280.00 allowance for meals and lodging by ascribing a daily allowance of $12.00 to the 190 days traveled by petitioner. [2] In determining the amount of days petitioner was engaged in business travels, respondent relied heavily on 11 affidavits from customers petitioner was able to supply which state the nature and extent of their relationship with petitioner during 1975. Respondent has authorized the above allowance of deductions even though he does not believe that the technical substantiation requirements of section 274(d) [3] have been satisfied by the submission of the noted affidavits. Subsequent to the issuance of the statutory notice of deficiency, respondent conceded that petitioner is entitled to additional travel expense deductions in the amount of $637.86 for airfares *202 paid by petitioner during 1975. Furthermore, petitioner submitted documentation for $87.00 of expenses incurred by him on a trip to Tampa. [4] Petitioner does not have any further substantiation of his travel or entertainment expenses either by way of a diary, checks, receipts, or any other documentary evidence. On his 1975 return, petitioner deducted $2,102.83 for medical expenses. Respondent disallowed the entire amount because only $402.83 was substantiated by petitioner and this amount was less than 3 percent of petitioner's adjusted gross income. OPINION Section 162(a)(2) provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business. During the year in issue petitioner was a traveling jewelry salesman.He traveled away from his home in Miami for periods *203 totaling 190 days in 1975. On his return, petitioner deducted $21,133.00 as employee business expenses. In his notice of deficiency respondent allowed only $5,111.00 of these expenses.Respondent subsequently conceded that traveling expenses of $637.86 and $87.00 are properly deductible by petitioner. Thus, the total amount of business expenses deemed deductible by respondent is $5,835.86. Respondent contends that amounts deducted in excess of $5,835.86 do not meet the substantiation requirements of section 274(d) and must therefore be disallowed. Section 274(d) provides as follows: (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, *204 entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. Substantiation through adequate records envisions entries in an account book, diary or statement of expense made at or near the time of the expenditure coupled with documentary evidence including paid bills, receipts and the like. Section 1.274-5(c)(2), Income Tax Regs.Sanford v. Commissioner, 50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert.denied 396 U.S. 841 (1969). Substantiation through sufficient evidence corroborating the taxpayer's statement includes writing or oral testimony of persons entertained or other witness setting forth detailed information concerning the elements of an expense required to be proven, or documentary evidence. Section 1.274-5(c)(3), Income Tax Regs. *205 Sanford v. Commissioner, supra.
The regulations also provide: If a taxpayer has not fully substantiated a particular element of an expenditure, but the taxpayer establishes to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of this subparagraph with respect to the expenditure, the taxpayer may be permitted to establish such element by evidence which the district director shall deem adequate. [Section 1.274-5(c)(2)(v), Income Tax Regs.] The parties stipulated that petitioner does not have a diary, checks, receipts or any other documentary evidence substantiating the claimed travel and entertainment expenditures. Thus, the petitioner has not proven the expenses by adequate records. Nor may we say that petitioner has substantially complied with the adequate records requirement so as to avail himself of the method of proof provided by section 1.274-5(c)(2)(v), Income Tax Regs.
While petitioner has introduced affidavits from customers reciting the nature and extent of their business relationship in 1975, petitioner has not provided us with any evidence corroborating his own statements concerning the amount or date of *206 his traveling expenditures. Therefore, we are compelled to hold that he has not satisfied the alternative statutory guideline providing for substantiation of travel and entertainment expenses through sufficient evidence corroborating the taxpayer's statement. Accordingly, respondent's determination must be sustained. We note that while we find petitioner's testimony as to his travels to be entirely credible, mere estimates of the expenses incurred for travel and entertainment would invoke the rule of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), a rule which, with respect to travel and entertainment expenses, was expressly overruled by Congress in the enactment of section 274(d). See H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 471. See also Sanford v. Commissioner, supra; Ashby v. Commissioner, 50 T.C. 409 (1968). Additionally, it appears that $880.00 of the claimed business expenditures herein were deducted by petitioner as selling expenses. [5] The record is barren of any evidence purporting to explain the nature of these expenses. Accordingly, petitioner has failed to satisfy his burden *207 of proof relative to these claimed expenditures. Rule 142, Tax Court Rules of Practice and Procedure.
Finally, we must sustain respondent on his determination respecting the disallowance of medical expenses claimed on petitioner's return as petitioner has introduced no evidence in support of these expenses so as to bear his burden of proof on this issue. To reflect concessions by the parties and the foregoing, Decision will be entered under Rule 155. Footnotes
1. Despite the fact that the notice of deficiency in this case was sent to Alfonso Garcia and his then wife, Mercedes Garcia, the petition herein as captioned and signed reflects only the name of Alfonso garcia. Since we are presented with no evidence as to whether Mercedes Garcia intended that her former husband act on her behalf when filing the petition, we regard Alfonso Garcia as the sole petitioner herein. Cf. Holt v. Commissioner, 67 T.C. 829 (1977); Brooks v. Commissioner↩, 63 T.C. 709 (1975).
2. Although the parties have stipulated that the daily allowance of $12.00 was for meals and lodging it appears that the allowance was for meals only. ↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
4. On brief respondent has conceded that petitioner is entitled to a travel expense deduction for this $87.00.↩
5. It is unclear from the record whether these expenditures are subject to the substantiation requirements of section 274(d). Nonetheless, since the record is devoid of any proof respecting the deduction, it has been disallowed.↩