FREDERICK L. AND DORIS L. NELSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nelsen v. Commissioner
Docket No. 1093-92
United States Tax Court
T.C. Memo 1993-189; 1993 Tax Ct. Memo LEXIS 192; 65 T.C.M. (CCH) 2530; April 27, 1993, Filed *192 Frederick L. & Doris L. Nelsen, pro se. For respondent: Mark J. Miller. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on respondent's Motion for Damages under I.R.C. § 6673, filed on January 26, 1993. Petitioners resided in Pittsville, Wisconsin, at the time the petition was filed. Respondent determined a deficiency in petitioners' 1989 Federal income tax in the amount of $ 2,369.84. The adjustments giving rise to the deficiency are based upon respondent's determination that petitioners' net earnings from their painting and farming businesses were subject to self-employment tax under section 1401. [1]
*193 A letter to the Court from petitioner Frederick Nelsen was filed as an imperfect petition on January 10, 1992. [2] On January 28, 1992, petitioners filed an amended petition which alleged, among other things, that petitioners "withdrew from voluntarily contributing to the United States of America's program providing Social Security Benefits to those that pay the self-employment tax." Subsequent to filing their amended petition, petitioners filed numerous motions with attached boilerplate documents that are generally incomprehensible as well as voluminous. [3] However, it is possible to discern that petitioners make the following recurring arguments throughout these motions: 1. Petitioners have voluntarily withdrawn from the social security program. 2. The notice of deficiency is a fraudulent document because it does not *194 display an Office of Management and Budget Control (O.M.B.) number. 3. Petitioners are U.S. nationals, not U.S. citizens, and therefore are not required to file Form 1040. 4. Petitioners question generally the authority of the Commissioner of Internal Revenue, and the applicability of the Internal Revenue Code to themselves.
We take judicial notice that we have previously held similar arguments to be frivolous. See McDougall v. Commissioner, T.C. Memo. 1992-683 (taxpayer argued that *195 Form 1040 for 1987 was invalid because it did not display a valid O.M.B. number); Hunsberger v. Commissioner, T.C. Memo. 1982-607 (taxpayers argued that self-employment taxes were unconstitutional). We refuse to expend the resources and energy of this Court to respond to each and every frivolous allegation of petitioners, as we have treated them time and time again in regard to other tax protesters. It is enough to state that they are completely without merit. Coleman v. Commissioner, 791 F.2d 68 (7th Cir. 1986); McCoy v. Commissioner, 76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Notwithstanding this Court's denial of petitioners' motions based on these frivolous positions, and respondent's repeated warnings that respondent would seek damages under section 6673 based on the frivolous arguments made by petitioners, petitioners persisted in maintaining the positions outlined above. Moreover, petitioners refused to cooperate in the pretrial preparation of their case. Petitioners refused to stipulate to facts that, according to this Court's *196 standing pretrial order, should have been stipulated. For example, respondent's proposed stipulation of facts made reference to petitioners' state of residence as being "WI", the Post Office abbreviation for Wisconsin. Petitioners circled such abbreviation and returned unsigned the proposed stipulation to respondent with the following notation: "This must be Wisconsin, WI is the abbreviation for a Federal Zone within Wisconsin, we don't live in a Federal Zone per applicable law." Again, we find petitioners' position to be frivolous. Accordingly, we find that the standing pretrial order has not been complied with by petitioners, nor the mandates of this Court in Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). Finally, when petitioners' case was called for trial at this Court's calendar at Milwaukee, Wisconsin, on March 15, 1993, no appearance was made by or on behalf of petitioners. [4]
*197 Under section 6673, this Court may impose a penalty not in excess of $ 25,000 whenever it appears to the Court that: (a) proceedings before it have been instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position in such proceeding is frivolous or groundless; or (c) the taxpayer unreasonably failed to pursue available administrative remedies.
Upon review of the entire record, we find it inescapable that petitioners have instituted and maintained the proceeding before this Court primarily for the purpose of delay and that the positions petitioners have taken in the proceeding are frivolous. The foremost evidence that the petition was instituted solely for delay is that, after invoking the jurisdiction of the Court and forcing both respondent and this Court to consider the numerous frivolous motions and arguments made in this proceeding, petitioners did not even appear at their scheduled trial. We find that petitioners have abused the processes of this Court. Both this Court and respondent have together expended considerable time and effort in considering all of petitioners' positions. We therefore require petitioners to pay the United *198 States a penalty in the amount of $ 5,000. [5] Accordingly, an appropriate order imposing a penalty of $ 5,000 on petitioners and granting respondent's Motion to Dismiss for Lack of Prosecution will be issued. Appropriate orders and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Sec. 1401 imposes a tax on self-employment income. Self-employment income is gross income derived by an individual from any trade or business carried on by such individual, less allowable deductions attributable to such trade or business. Sec. 1402(a) and (b). Income from both farming and painting as an independent contractor is generally subject to self-employment tax. McAllister v. Commissioner, 42 T.C. 948 (1964); Fonda v. CommissionerT.C. Memo. 1981-646, affd. in an unpublished order 692 F.2d 752↩ (4th Cir. 1982).
2. The grant or denial of leave to amend a defective petition is within the Court's discretion. Rule 60(a); Brooks v. Commissioner, 63 T.C. 709, 714↩ (1975).
3. The following motions with attached documents were filed by petitioners during the relevant period: ↩
Date
Filing
3/30/92
Motion to Dismiss for Lack of Jurisdiction
7/02/92
Motion to Dismiss Because Court Lacks Jurisdiction Over
Subject Matter
1/07/93
Motion for Leave of the Court to file Amended Petition
1/07/93
Motion for Dismissal
1/15/93
Amendment to Motion for Dismissal
2/16/93
Motion for Summary Judgment
2/16/93
Amended Motion to Amend Petition
3/08/93
Motion to Stay Proceedings
4. Counsel for respondent appeared at the trial session and filed with the Court a Motion to Dismiss for Lack of Prosecution. This Court indicated that it would grant respondent's Motion to Dismiss for Lack of Prosecution.↩
5. We are aware that the amount of the penalty we hereby impose under sec. 6673↩ exceeds the amount of the deficiency. However, we find support for our holding in petitioners' flagrant disregard for our Rules and in respondent's affidavit filed with this Court on March 18, 1993, in which respondent itemizes the attorney, paralegal, and support staff hours expended by respondent on this case.