**In re Aaron SMARGON, and Donna Smargon, Debtors.**

**Aaron SMARGON, and Donna Smargon, Plaintiffs,**

**v.**

**UNITED STATES of America, DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 92–5831–BKC–8P7. Adversary No. 96–665.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 2, 1997.

Ronald R. Bidwell, Tampa, FL, for Plaintiff.

David N. Geier, Trial Attorney, Tax Division, United States Department of Justice, Washington, DC, for Defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is the dischargeability, *vel non*, of a debt owed by Aaron Smargon and his wife Donna Smargon (Debtors) to the United States of America (Government). The issue of dischargeability is presented for this Court's consideration in a Motion for Summary Judgment, filed by the Government, which contends that there are no genuine issues of material fact and that the Government is entitled to a judgment, in the amount the Debtors are indebted to the Government for additional taxes, as a matter of law. The Government contends that this obligation is within the exception to discharge pursuant to Section 523(a)(1) of the Bankruptcy Code. Also under consideration is a Motion for Summary Judgment filed by the Debtors. The Debtors contend in their

Motion for Summary Judgment that there are no genuine issues of material fact and that the amount they are indebted to the Government for additional taxes is not excepted from the discharge and thus discharged. The relevant facts as they appear from the record are without dispute and can be summarized as follows.

By April 15, 1989, the Debtors filed their joint income tax return (Form 1040) for the tax year ending December 31, 1988. Although the 1988 return is not in evidence itself, it appears from the Declaration of Revenue Officer Ray Zacek that the Debtors claimed a refund in the amount of $411.71 on this 1988 return. (Govt. Exh. A to Motion for Summary Judgment). On June 28, 1991, after having audited the Debtors' 1988 return, the IRS mailed a "Notice of Deficiency" (Notice) to the Debtors, informing them that they were liable for additional taxes for tax year 1988 in the amount of $4,409.00, plus interest and penalties. (Pl. Exh. A to Pl.'s Affidavit in Opposition). In response to the Notice, the Debtors mailed the IRS their "Tax Payer Response to Proposed Change to 1988 Income Tax" (Response). *Id.* In the Response, the Debtors checked the box stating "total disagreement with the proposed changes." *Id.* In addition, on September 1, 1991, the Debtors wrote to the United States Tax Court (Tax Court) requesting a redetermination of the claimed deficiency. (Pl. Exh. B to Pl.'s Affidavit in Opposition). In this letter, the Debtors sought information regarding the procedure for filing a petition.

On May 30, 1997, the Debtors filed Plaintiffs' Motion for Leave to Supplement Record Under Advisement. (Doc. 28). On June 6, 1997, the Government filed its Response by the United States to Plaintiffs' Motion for Leave to Supplement Record. (Doc. 30). In light of the Government's Response, this Court heard counsels' oral arguments on June 18, 1997 and granted the Plaintiffs' Motion for Leave to Supplement Record Under Advisement. In effect, the record was supplemented with another letter dated September 1, 1991 from the Debtors to the Tax Court. (Pl's Exh. A to Pl.'s Motion for Leave to Supplement). This letter, and not the letter attached to the Plaintiff's Affidavit

in Opposition, is in fact the true and correct copy of the letter sent to the Tax Court by the Debtors. This letter was different from the first one in that it asks the Tax Court to "accept this letter as a request for a petition," rather than just formally requesting information as did the original letter submitted to this Court.

On September 23, 1991, the Tax Court docketed the letter dated September 1, 1991 as a Petition and ordered an Amended Petition to be filed along with the payment of the filing fee on or before November 25, 1991. (Joint Exh. Govt. B to Motion for Summary Judgment and Pl. C to Pl.'s ·Affidavit in Opposition). The Debtors did not respond to these instructions, resulting in the Tax Court's dismissal of the case for lack of jurisdiction on January 22, 1992. (Govt. Exh. C to Motion for Summary Judgment).

On April 29, 1992, the Debtors filed their Chapter 7 Petition for Relief in the Bankruptcy Court. Under ordinary circumstances, the IRS has three years from the filing date of a return in which to make a tax assessment. 26 U.S.C. § 6501(a). Without taking into account the tolling of the limitations period, the three year period for the assessment of any additional taxes with respect to the Debtors' 1988 tax year would have expired on April 15, 1992. However, the running of the period of limitations for assessment of taxes would be tolled by the commencement of a proceeding before the Tax Court pursuant to 26 U.S.C. § 6503(a)(1) which provides,

> (a)(1) The running of the period of limitations provided in section 6501 or 6502 ... on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 ... shall ... be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency *is placed on the docket of the Tax Court*, until the decision of the Tax Court becomes final), and for 60 days thereafter.

(emphasis added).

In effect, the statute of limitations would have been tolled from September 23, 1991

until March 23, 1992, a period of six months, provided their letter sent to the Tax Court was, as a matter of law, a "Petition" as docketed.

Approximately one month after the statute of limitations began running again, the Debtors filed their Chapter 7 Petition. As a result of this filing, the statute of limitations was once again tolled, pursuant to 26 U.S.C. § 6503, because the IRS was prohibited from making an assessment due to the automatic stay. Thus, the period of limitations was tolled for approximately an additional nine months, the period of time in bankruptcy plus an additional sixty days thereafter.

It is the Debtors' contention that they never filed a Petition with the Tax Court, that the period of limitations had run, and that the 1988 tax liability should not be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(iii). While the Debtors admit to writing to the Tax Court, they contend that their letter to the Tax Court should not be treated as a Petition and that, therefore, the period of limitations for assessment should not be tolled.

However, case law is clear that letters mailed to the United States Tax Court, expressing an intention to seek a determination, are to be treated as Petitions for a redetermination of an asserted deficiency. The Tax Court refers to such submissions as imperfect petitions. *See Ernest B. Holt and Lessie L. Holt v. Comm'r of Internal Revenue*, 67 T.C. 829, 1977 WL 3653 (1977); *John L. Brooks and Susanna L. Brooks v. Comm'r of Internal Revenue*, 63 T.C. 709, 1975 WL 3106 (1975) (rejecting government's attempt to have the cases dismissed for want of jurisdiction) Moreover, the language of 26 U.S.C. § 6503(a)(1) is clear and unambiguous. It states in plain language that the act which starts to toll the statute of limitations is the act of docketing the letter or the submission to the Tax Court.

In the present instance, it is without dispute that the Debtors' letter was "placed on the docket." Thus, the period of limitations was tolled, pursuant to the strict interpretation of 26 U.S.C. § 6503(a)(1), and the IRS's assessment on April 6, 1993 was timely. Further, the 1988 tax liability should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Summary Judgment filed by the Government be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiffs' Motion for Summary Judgment filed by the Debtors be, and the same is hereby, denied.

A separate Final Judgment will be entered in accordance with this opinion.